SOMMERVILLE, J.
Plaintiff is a lessee of property in Carrollton avenue, in the city of New Orleans, in which he conducts a dry grocery. He was arrested for violating a city ordinance which declares it unlawful “to establish or operate any sort of business whatever on Carrollton avenue.” Ordinance New Council Series, 9219, adopted November 20, 1912.
Plaintiff alleges that he has been warned by the city police that they would close his place of business, and he asks the court to enjoin the city and its officers from interfering with him and his property, on the ground that the ordinance referred to is unconstitutional, ultra vires of the commission council, unreasonable, extortionate, and undertakes to deprive him of his property without due process of law.
The city answers that in section 1, par. *481 (e), of its charter (Act 159 of 1912, p. 253), the Legislature has provided that:
“The city shall also have all powers, privileges and functions which, by or pursuant to the Constitution of this state, have been, or could be, granted to or exercised by any city.”
And that it is also provided in the charter, section 6, par. 2 (c), that the commission council shall pass ordinances to regulate the location and inspection of “all places of business likely to be or (which may) become detrimental to health or comfort,” etc. And further that the commission council adopted Ordinance No. 9219, N. C. S., and forbade the establishment of business houses on Carroll-ton avenue for the comfort of the residents and property owners on that avenue.
The trial court adjudged the ordinance unreasonable ; and the city has appealed.
The Legislature long since authorized the city of New Orleans to regulate the location of stables, dairies, and all places of business likely to be or to become detrimental to health; and in 1902 it increased the authority of the city over “all places of business likely to be or which might become detrimental to health or comfort.” A similar provision is in the city charter of 1912. But the city council, while it had such power since 1902, has not attempted to exclude “any sort of business whatsoever on” any street or avenue of the city for the “comfort” of the residents and property owners on that particular avenue, unless the ordinance now under consideration does so. But the Legislature did not intend to give to the commission council any such right in the section quoted from.
Cities have general police powers, and the city of New Orleans is given, in its charter, the right to open and keep open all streets, to suppress nuisances, to regulate the location, inspection and cleansing of dairies, stables, slaughterhouses, certain factories, blacksmith shops, places where dangerous articles may. be stored, to close houses and places for the sale of intoxicating liquors where the public safety may require it, to close gambling houses, and other places. It is not given the right to suppress legitimate business on the streets of the city, unless and until such business has become a nuisance, or it is likely to become detrimental to the health or comfort of the citizens generally.
The ordinance under consideration was not passed for any of these purposes. It declares plainly:
“The object and purpose of this ordinance (is) to confine buildings on said avenue for residential purposes only.”
The character of business on Carrollton avenue is not regarded in the ordinance. It (the ordinance) was not adopted to safeguard the public health, safety, morals, comfort, or general welfare. It embraces aesthetic considerations only; and these are not named in the city charter as matters for consideration by the commission council.
The aesthetic does not fall within the exercise of the police power. It is not such a necessity as will authorize the police to interfere with liberty of action and property rights of the individual citizen.
The other ground of defense that “the city shall also have all powers, privileges and functions which, by or pursuant to the Constitution of this state, have been, or could be, granted to or exercised by any city,” and that the commission council had the right thereunder to adopt the ordinance, is without merit. Defendant has not pointed the court to any city which exercises the power of prohibiting all business from a public street, and which restricts its use for residential purposes.
Judgment affirmed.