O’NIELL, J.
The plaintiff has appealed from a judgment rejecting his demand and dismissing his suit for damages for personal injuries.
While employed as a switchman on a log train operated by the defendant company, he was jolted off of a car, and his leg was run over and crushed so that it had to be amputated. He alleges as negligence on the part of the defendant: First, that the company failed to use reasonable care in selecting a competent engineer to run the log train; and, second, that the engineer in charge of the train made an emergency stop in response to a signal to slow down.
It is unnecessary to consider whether the defendant exercised reasonable care to employ a competent engineer, unless we find that he was incompetent or negligent, and that his incompetency or negligence was the cause of the injury complained of.
The train of six flat cars was being pushed by a. geared engine or locomotive at a speed of about five or six miles an hour. The plaintiff was seated on the front end of the train with regard to the direction in which it was traveling; that is, what would have been the rear end if the engine had been pulling the cars. The track was a temporary logging spur, laid upon an uneven surface, without any grading or leveling.
The plaintiff testified that, when the train approached a place in the woods where it was intended to stop and take on a load of logs, he signaled to the engineer to slow down, but that the latter, perhaps misunderstanding the signal, applied the emergency brake, and the sudden stop threw the plaintiff off of the car. This is contradicted by the testimony of several witnesses for the defendant, and by the fact or circumstance that the train went about ten times as far after the accident as it could have gone if the emergency brake had been applied.
The evidence in the record convinces us that, as the cars were shoved up and over a grade, the force of gravity took the slack out of the train, and it was the sudden jerk of the cars coming to the end of the slack that threw the plaintiff off of the car. It appears that the plaintiff was an experienced brakeman or switchman, and should have known the danger of his position. An employe is presumed to have notice of all dangers that are ór ought to be obvious to a person of his experience and understanding, and he is deemed to have assumed the risks that are reasonably incident to his employment. See Ball v. V., S. & P. Ry. Co., 123 La. 7, 48 South. 565; Price v. Lee Lumber Co., 125 La. 888, 51 South. 1025; Labatt on Master and Servant (2d Ed.) p. 2596, and decisions there cited.
The case presents only questions of fact, in the decision of which we find no error on the part of the district judge.
The judgment appealed from is affirmed.