(76 South. 244)

No. 22027.

STATE ex rel. BLAISE v. CITY OF NEW ORLEANS et al.

(June 30, 1917.)

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW ☞70(3) — STATUTES ☞184 — CONSTRUCTION — OBJECTS AND PURPOSES—MOTIVE.

Though courts may not inquire into the motives of a legislative body in adopting a law, the objects and purposes of such law, especially when therein fully set forth, are to be weighed and considered in its interpretation. Civ. Code, art. 18.

2. MUNICIPAL CORPORATIONS ☞625—VALIDITY OF ORDINANCE—ÆSTHETICS.

A city ordinance of the city of New Orleans which interferes with the liberty or property rights of its citizens and which is based upon æsthetic considerations only is ultra vires and invalid.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Mandamus by the State, on relation of Henry Blaise, against the City of New Orleans and others. Judgment for relator, and the City of New Orleans appeals. Affirmed.

John J. Reilley, Asst. City Atty., and I. D. Moore, City Atty., both of New Orleans, for appellant. Cage, Baldwin & Crabites, of New Orleans (Henry B. Curtis, of New Orleans, on the brief), for appellee.

LECHE, J. Relator, as owner of a lot of ground fronting on Oak street in the city of New Orleans, applied to Wm. J. Hardee, city engineer of the city of New Orleans, for a permit to erect a building on said lot, in order that he might establish therein a private market. The city engineer refused to grant the said permit for the reason that the establishment and operation of such market was forbidden by the following ordinance of the city of New Orleans:

No. 1812, Commission Council Series.

Section 1. Be it ordained by the commission council of the city of New Orleans, that hereafter it shall be unlawful for any person, firm or corporation to establish any grocery, barroom, oyster shop, fruit shop, market, laundry, etc., on Oak street, from Carrollton avenue to Broadway street it being the object and purpose of this ordinance to confine buildings on said street for residential purposes only.

Section 2. Be it further ordained, etc., that any person or persons, firm or corporation violating any of the provisions of section 1 of this ordinance shall, upon conviction thereof before any court of competent jurisdiction be fined not more than twenty-five dollars ($25.00) or sentenced to imprisonment for not more than thirty days, at the discretion of said court.

Adopted by the commission council of the city of New Orleans Sept. 8th, 1914.

Jos. B. Norriss,
Asst. Clerk of Commission Council.

Approved Sept. 8th, 1914.

Martin Behrman, Mayor.

He thereupon applied to the civil district court for the parish of Orleans for a writ of mandamus directing the city of New Orleans, through Hon. Martin Behrman, mayor, and Wm. J. Hardee, city engineer of said city, and commanding the latter to issue to relator a building permit to erect a private market on his said lot of ground, and he further prayed for a writ of injunction restraining the said city of New Orleans from enforcing the said ordinance against him and from interfering with the erection and establishment by him of a private market upon his said property.

Relator alleges as grounds for relief that the said ordinance of the city of New Orleans is illegal, null, and void, for the following reasons, to wit:

(1) That the commission council of the city of New Orleans had and has no power, right, or authority to pass said ordinance, and the same is ultra vires.

(2) That said ordinance is oppressive, unreasonable, unjust, and illegal.

(3) That said ordinance deprives relator of his property without due process of law, in violation of the Constitution and laws of this state, and in violation of the Constitution of the United States, and especially the Fourteenth Amendment thereof.

He further charges that the enforcement

of said ordinance by the city of New Orleans against him will deprive relator of the legitimate use of his property in a lawful, innocent, and useful business, and will cause him an irreparable injury, which injury would amount to more than $2,000, and that there is no other adequate remedy at law in the premises.

The answer of defendants admits all the facts alleged by relator, but denies the conclusions of law drawn therefrom, and especially denies the alleged illegality of the ordinance upon which the refusal of relator's building permit was based.

The trial judge after due hearing rendered judgment as prayed for by relator, and from such judgment the city of New Orleans prosecutes the present appeal.

[1, 2] From the above statement of the pleadings and facts of this case it appears that the only question at issue is one of law, the validity of City Ordinance No. 1812, Commission Council Series.

In the case of Calvo v. City of New Orleans, 136 La. 480, 67 South. 338, lately decided by this court, an ordinance very similar to the one involved here was held to be ultra vires, unreasonable, and invalid. In that case the ordinance declared it unlawful "to establish or operate any sort of business whatever on Carrollton avenue," and, as in this case, it also contained the following clause:

"The object and purpose of this ordinance is to confine buildings on said avenue for residential purposes only."

The court in effect held that the æsthetic does not fall within the exercise of the police power, and as the ordinance embraced æsthetic considerations only, which are not named in the city charter, it could not be upheld as coming under the police power of the municipality, and as it interfered with the liberty of action and property rights of the individual citizen, it was ultra vires, unreasonable, and invalid.

Defendant distinguishes the present from the Calvo Case in this, that the business involved in that case was that of a dry grocery, which it says is not subject to police regulation, while in the present case the business involved is that of a private market, which has repeatedly been held subject to regulation under the police power. In answer to this contention relator maintains that the ordinance invoked by the defendants in the present case, just like that in the Calvo Case, was adopted, not for the purpose of safeguarding the public health or maintaining public order, but for the sole purpose of beautifying the neighborhood, and, being based on æsthetic considerations, is an illegal interference with the liberty and property rights of relator, just as was held in the Calvo Case. But defendant contends that the motives which induced the commission council to adopt the ordinance which is assailed may not be inquired into by the courts (New Orleans v. Kaufman, 138 La. 900, 70 South. 874), and that the only legitimate subject of inquiry by the court is that of power on the part of the municipality to adopt the ordinance. The question here, in our opinion, does not involve the motives which personally actuated the members of the commission council of the city of New Orleans in adopting Ordinance No. 1812, but it involved simply the object and purpose of the ordinance, a very different matter from the motives which may have induced the commissioners to vote for its adoption. It is no longer an open question that the motives which may induce the Legislature to pass a law are beyond judicial inquiry. See Cooley's Constl. Limitations, pp. 220–257; Black's Const. Law (2d Ed.) No. 41; Dillon on Mun. Corporations (4th Ed.) pars. 311–313. The objects and purposes of the ordinance in question are specifically stated in the ordinance itself to be "to confine buildings on said street for residential purposes only," and the court is certainly justified in order

to reach an intelligent interpretation of the said ordinance to inquire into its objects and purposes. C. C. art. 18, reads:

"The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."

It then becomes apparent that the ordinance invoked in this case against the free use by relator of his property is not one based upon considerations of public health or public order, and whose validity rests upon the police power of the city, but an ordinance to beautify the neighborhood to which it applies, adopted for æsthetic purposes, and therefore, like that involved in the Calvo Case, ultra vires, unreasonable, and invalid.

For these reasons, the judgment appealed from is affirmed.