(97 South. 446)

No. 25695.

**STATE ex rel. HAYES v. CITY OF NEW ORLEANS et al.**

(July 11, 1923.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ⬤⟞621—That prior ordinances did not prohibit building, and that city attorney directed issuance of permit, held immaterial.

That prior ordinances did not prohibit erection of ice plant in particular locality, and that

---

[1] Ante, p. 271.

154 LA.—10

city attorney for that reason instructed city architect to issue building permit, was unimportant, where permit was not issued, and, before applicant obtained title to the site purchased, ice plants in that locality were prohibited by ordinance.

2. Municipal corporations ⬤⟞601—Ordinance prohibiting ice plant in particular locality not ultra vires.

Ordinance of New Orleans Commission Council prohibiting establishment and operation of ice factories in particular locality is not ultra vires, as under Act No. 159 of 1912, § 1, subds. (d), (e), Act No. 27 of 1918, and Const. 1921, art. 14, § 29, that city possesses all the police power which it is possible to delegate to any municipality, and has not only general, but specific, authority to prohibit establishment of businesses in specified areas.

3. Constitutional law ⬤⟞240(1) — Ordinance prohibiting establishment and operation of ice plants in particular locality held not to deny equal protection of the laws.

Municipal ordinance, prohibiting establishment and operation of ice plants within restricted area, operates alike on all who come within its terms, and is not discriminatory, and does not deny the equal protection of the laws, where it does not appear that ice factories are not also regulated or prohibited in other sections, where the same conditions exist.

4. Constitutional law ⬤⟞296(2) — Ordinance prohibiting ice plants in particular locality does not deny due process of law.

Ordinance prohibiting establishment and operation of ice plants in particular locality, if enacted in good faith as police measure, does not take property without due process of law.

5. Municipal corporations ⬤⟞601—Facts held to show ice factory prohibited by ordinance would be a nuisance.

Evidence *held* to show that ice factory on paved residence street, constituting the only artery to finest playground in the city, and only means of rapid egress and ingress to fire engine house, would be a public nuisance, and that ordinance prohibiting ice factories was enacted in good faith and bore real relation to legitimate protection of public comfort and public safety.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Mandamus by the State, on the relation of Dennis J. Hayes, against the City of New

Orleans and others. Judgment for defendants, and relator appeals. Affirmed.

George P. Nosacka, of New Orleans, for appellant.

Ivy G. Kittredge, City Atty., and Roland B. Howell, Asst. City Atty., both of New Orleans, for appellees.

LAND, J. This is a mandamus proceeding, in which it is sought to compel the city of New Orleans to issue, through its proper officers, a building permit to relator to erect an ice factory on St. Roch avenue, between Derbigny and Claiborne streets, on two lots of ground purchased by relator for this purpose.

The application of relator for a writ of mandamus was refused by the trial judge and his suit was dismissed. Relator has appealed.

Relator did not obtain title to these lots until September 19, 1922. He applied to the city architect for the building permit August 23, 1922. At this date relator had no written agreement with the owner of these lots as to title, but had made a deposit of 10 per cent. of the purchase price, and had obtained the receipt of the agent of the owner for this payment. Ordinance No. 7079, attacked by relator in this proceeding upon numerous grounds, was passed September 12, 1922, a week prior in date to relator's deed. The ordinance was not introduced and passed on that date, as alleged by relator, but had been introduced at a former meeting of the commission council.

[1] The fact that prior ordinances did not prohibit the erection of an ice plant in this particular locality, and that the city attorney, for this reason, instructed the city architect to issue to relator a building permit for his factory, is unimportant, as said permit was not issued to relator at that time and its issuance was prohibited subsequently by Ordinance No. 7079, which was passed before relator obtained title to the site purchased for the erection of his ice plant.

The real issue before us, therefore, is the constitutionality of the ordinance in question, which is assailed by relator for the following reasons, to wit:

"(1) That the commission council of the city of New Orleans had and has no authority, power, or right to pass said ordinance and the same is ultra vires of the city charter.

"(2) That the said ordinance is oppressive, unreasonable, is class legislation, is unjust, illegal, unfair, and discriminatory.

"(3) That the said ordinance deprives relator of his property without due process of law, in violation of the Constitution of the United States, and if permitted to be enforced in the instant case would render its operation retroactive and therefore. unconstitutional, violative of both state and United States Constitutions."

Ordinance No. 7079, Commission Council Series, reads as follows:

"Whereas, it is contemplated to establish an ice manufacturing plant on St. Roch avenue; and

"Whereas, such plants are usually operated continuously" night and day, thereby seriously interfering with the quiet and peace of the neighborhood; and

"Whereas, vehicles calling at said plants for ice in the early hours of the morning are an added source of annoyance to the neighborhood; and

"Whereas, such an ice plant on St. Roch avenue, between Marais street and Galvez street, in a residential neighborhood, would be a menace to the health and safety of that community —therefore:

"Section 1. Be it ordained by the commission council of the city of New Orleans, that an ice factory on St. Roch avenue, between Marais and Galvez streets, be and the same is hereby declared to be a public nuisance.

"Sec. 2. Be it further ordained, etc., that the establishment and operating of ice manufacturing plants on St. Roch avenue, between Marais street and Galvez street, are hereby prohibited and the city engineer be and he is hereby directed not to issue any permit for the establishment or operation of any ice manufacturing plant in any part of any square between Marais street and Galvez street, bounded on any one side of its sides by St. Roch avenue.

"Sec. 3. Be it further ordained, etc., that any person or persons, firm, or corporation violating any of the provisions of this ordinance shall, upon conviction thereof before any court of competent jurisdiction, be fined not more than twenty-five ($25.00) dollars, or sentenced to

imprisonment for not more than thirty (30) days, or both, at the discretion of said court.

"Sec. 4. Be it further ordained, etc., that each day's violation of the provisions of this ordinance shall constitute a separate and distinct offense.

"Adopted by the commission council of the city of New Orleans September 12, 1922."

[2] The ordinance in question is not ultra vires, as the municipality of New Orleans possesses all of the police power which, under the Constitution and laws of the state of Louisiana, it is possible to delegate to any municipality. It not only has general, but specific, authority to prohibit the establishment of businesses in specified areas. Section 1(d) and (e), Act 159 of 1912; Act 27 of 1918; Constitution 1921, § 29, art. 14; City of New Orleans v. Calamari, 150 La. 737, 91 South. 172, 22 A. L. R. 106; State v. City (No. 24764) 149 La. 788, 90 South. 196, Supreme Court of Louisiana.

It is not contended by defendant municipality that an ice factory is a nuisance per se, and that, for this reason, its establishment can be prohibited by ordinance in any locality within the city limits.

The validity of the ordinance in this case is made to rest, however, upon the settled law that, granting that a business is not a nuisance per se, yet it is clearly within the police power of the state to regulate it, and to that end to declare that, in particular circumstances and in particular localities, a necessary and lawful occupation, though not a nuisance in itself, shall be deemed a nuisance in law and in fact. The only limitation upon this power is that it cannot be exerted arbitrarily or with unjust discrimination. Reinman v. Little Rock, 237 U. S. 171, 35 Sup. Ct. 511, 59 L. Ed. 900; Hadacheck v. Sebastian, 239 U. S. 411, 412, 36 Sup. Ct. 143, 60 L. Ed. 356, 357, Ann. Cas. 1917B, 927.

[3, 4] Section 2 of the ordinance under consideration prohibits the establishment and operation of all ice plants within the restricted area on St. Roch avenue.

The ordinance, therefore, does not discriminate against relator. It operates alike upon all who come within its terms.

While the record discloses that there are other businesses permitted in the prohibited area, yet the evidence shows that they are not objectionable.

The record does not show that ice factories in other sections of the municipality, where the same conditions exist as in the area designated under the present ordinance, are not regulated or prohibited. The ordinance in question, therefore, cannot be said to deny the equal protection of the law to relator. Nor does said ordinance, if enacted in good faith as a police measure, by prohibiting the business of relator within the prescribed area, take the property of relator without due process of law. Hadacheck v. Sebastian, 239 U. S. 412, 413, 36 Sup. Ct. 143, 60 L. Ed. 357, Ann. Cas. 1917B, 927.

[5] The evidence taken on the trial of this case shows that the ordinance in question is not an arbitrary or unreasonable regulation, but that it is enacted in good faith and bears a real relation to the legitimate protection of public comfort and public safety. It is proven to our satisfaction that an ice factory operated in this particular locality would be a public nuisance, destructive to the peace, quiet, and comfort of the residents in this area, because of the continuous noise of its operation, and that the location of an ice plant there would be especially dangerous to public safety, because of its situation upon St. Roch avenue, which is paved, and which is the only artery to the St. Roch Playgrounds, the finest playgrounds in the city of New Orleans, and attended daily by approximately 500 children. St. Roch avenue is the street through which wagons and trucks going to and from relator's proposed ice plant would be driven. There is but very little traffic on this avenue at present. It is the only means of rapid egress and ingress to a fire engine house, which affords the principal source of protection against fire to the Eighth ward of the city of New Orleans.

The commissioner of public safety of the city of New Orleans testified upon the trial that the parking and operating of heavy trucks on St. Roch avenue would not only constitute a hindrance to the rapid and ready operation of the fire engine in case of fire, but would constitute a very serious source of danger to the children who patronize the playgrounds, and who are not usually accompanied by nurses or parents. The area restricted by the ordinance is a residential neighborhood, and is building up rapidly with people of small means and large families. There are also schools in this neighborhood.

The manager of the playgrounds commission corroborates the testimony of the commissioner of public safety as to the danger to these children from the operation of heavy trucks on St. Roch avenue.

The ordinance before us was passed at the request of representatives of the playgrounds and the citizens of this neighborhood.

Evidently, under this state of facts, the ordinance in question is a legitimate exercise of the police power by defendant municipality, and is constitutional and valid.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, at the cost of relator.

O'NIELL, C. J., concurs in the result.
ROGERS, J., concurs in decree.