LAND, J.
 

 Relator is the owner of a certain piece or parcel of ground at the corner of Adams avenue and Catina street, in square 54 in the city of New Orleans, and, desiring to erect and to operate on this property a drive-in filling station and soft drink establishment, applied to the proper city officials for a permit for that purpose.
 

 The permit was refused, because it was contended by said officials that its issuance was prohibited by City Ordinance No. 6856, Commission Council Series, adopted May 23, 1922.
 

 The present proceeding by mandamus was then instituted by relator in the civil district court for the parish of Orleans to compel the issuance of the permit, and said ordinance, as well as Act 27 of 1918, upon which it is based, were attacked as unconstitutional, null, and void.
 

 The alternative writ of mandamus issued herein was made peremptory by the lower court, and the city of New Orleans has appealed.
 

 Relator alleges that said act and ordinance are in contravention
 
 of
 
 articles 2 and 31 of the Constitution of 1913, and of article 1, § 10, of the Constitution of the United States, and of the Fourteenth Amendment, and that said ordinance is unreasonable, discriminatory, and oppressive, and is based entirely on aesthetic considerations, and not upon any legal' grounds whatever. These contentions of relator are predicated upon the authority of the cases of Calvo v. City, 136 La. 480, 67 So. 338, and Blaise v. City, 142 La. 73, 76 So. 244.”
 

 Those decisions, however, were overruled in State
 
 ex
 
 rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440.
 

 In the latter case the court had under consideration Ordinance No. 6789, Commission Council Series, and, as the provisions of Ordinance No. 6S56, now before us, are similar to those of Ordinance No. 6789, the Civello Case? is necessarily decisive of the issues here presented:
 

 Ordinance No. 6856, C. C. S., provides.
 

 “That from and after the passage of this ordinance, it shall be unlawful for any person, firm or corporation to erect or operate any garage, building or place where automobiles, trucks, or gasoline-propelled vehicles, or gasoline and automobile accessories or supplies are stored, sold, parked, cleaned, repaired or manufactured in or (on) any square or block between Homedale avenue and Adams avenue, bounded on any of its sides by Canal boulevard, and between Homedale avenue and Adams avenue, bounded on any of its sides by West End boulevard.”
 

 Section 5 of said ordinance reads as follows :
 

 “That from and after the passage of this ordinance it shall be unlawful for any person, firm or corporation to establish, erect, or operate any sort of business, trade, or manufactory in or on any square or block between Home-dale avenue and Adams avenue, bounded on any one of its sides by Canal boulevard, and between Homedale avenue and Adams avenue, bounded on any one of its sides by West End boulevard.”
 

 Section 8 of said ordinance declares:
 

 “That it is the object, intent, and purpose of this ordinance to conserve the peace, quiet, health, comfort, and general welfare of the residents within the area mentioned.”
 

 In the Civello Case we held that if considerations of public health, safety, comfort, or general welfare could have justified the zoning ordinance, the court must assume that they did justify it,(and cannot take issue with the city council, and that a municipal ordinance prescribing business establishments in a designated residence street or district does not necessarily rest on {esthetic considerations, but may be sustained on considerations of public health, safety, comfort, or general
 
 *1019
 
 welfare, in view of better police protection, economy in street paving, lessening of fire hazard, and likelihood of Business establishment being a genuine nuisance, and hence does not take property without due process of law, or without just compensation, or deny the equal protection of the laws.
 

 Ordinance No. 6856, C. C. S., affects alike all persons similarly situated,' as it forbids every one to conduct the business therein prohibited within the designated zoning area.
 

 The ordinance, therefore, is not discriminatory or arbitrary, but is a legitimate exercise of the police power. State ex rel. Civello v. City of New Orleans, 154 La. 271, 272, 97 So. 440.
 

 We fail to see wherein said ordinance impairs the obligation of contract in this case in violation of article 1 of section 10 of the Oonstitution of the United States, as alleged by relator. Evidently relator has abandoned any such contention on appeal, as he has made no appearance in this case, and has submitted no brief.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed, and it is now ordered that there be judgment in favor of respondent, the city of New Orleans, rejecting relator’s demand, and dismissing relator’s suit at his cost.