**(109 So. 916)**

**No. 26057.**

**STATE ex rel. PALMA v. CITY OF NEW ORLEANS et al.**

**(Oct. 5, 1926.)**

*(Syllabus by Editorial Staff.)*

Municipal corporations ⬱601—Zoning ordinance of city of New Orleans held valid (Act No. 27 of 1918; Const. 1921, art. 14, § 29).

Ordinance of city of New Orleans, prohibiting establishment of certain specified businesses in certain districts, *held* valid, in view of Const. 1921, art. 14, § 29, and Act No. 27 of 1918.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Mandamus by the State, on the relation of Santo Palma, to compel the City Engineer and the City Architect of the City of New Orleans to grant relator a permit for a meat market. From a judgment for relator, defendants appeal. Judgment annulled, and suit dismissed.

Bertrand I. Cahn, Acting City Atty., and Wm. F. Conkerton, Asst. City Atty., both of New Orleans, for appellants.

J. Rosenberg, of New Orleans, for appellee.

O'NIELL, C. J. The question in this case is whether a certain so-called zoning ordinance of the city of New Orleans is valid. The ordinance prohibits the establishment of any of certain specified businesses, including private meat markets, in or on any of the city blocks or squares between Carrollton avenue and Audubon street and bounded on any side by Jeanette street.

The relator applied to the municipal authorities for a permit to establish a private market for the sale of meat on his lot designated as 1419 Burdette street, in the square bounded by Jeanette, Poplar, and Adams streets. Being refused a permit because of the ordinance, he brought this mandamus proceeding to compel the city engineer and city architect to grant him the permit. He contended that the ordinance discriminated arbitrarily against him and the other owners of the property within the described area, and that it deprived them of the equal protection of the laws, and deprived them of the use of their property without compensation and without due process of law, and that the ordinance was therefore violative of both the Constitution of the state and the Constitution of the United States. The judge of the civil district court sustained the relator's contention and gave judgment in his favor; from which judgment the defendants took this appeal.

The judgment appealed from was based upon the decision in Calvo v. City of New Orleans, 136 La. 480, 67 So. 338, and in State ex rel. Blaise v. City of New Orleans, 142 La. 73, 76 So. 244. After those decisions were rendered, however, the Legislature enacted a statute (Act 27 of 1918, p. 35) author-

izing the city of New Orleans to enact zoning ordinances "to permit or prohibit the establishment and operation of businesses and trades within designated limits"; and thereafter the Constitution of 1921, in section 29 of article 14, extended the authority to all municipalities "to zone their territory; to create residential, commercial and industrial districts, and to prohibit the establishment of places of business in residential districts"; and thereafter, in the case of State ex rel. Civello v. City of New Orleans, 154 La. pages 271 and 272, 97 So. 443 (33 A. L. R. 260) this court said:

"In so far, therefore, as those decisions [meaning the decision in the Calvo Case and in the Blaise Case] maintain that a municipal ordinance prescribing business establishments generally in a designated residence street or district is essentially only a matter of æstheticism, and cannot be sustained upon considerations of public health, safety, comfort, or the general welfare, the two decisions are now overruled."

In the Civello Case, we disposed of the propositions which are advanced again by the relator in this case, thus:

"A municipal ordinance, proscribing business establishments in designated residence street or district, does not necessarily rest on æsthetic considerations, but may be sustained on considerations of public health, safety, comfort, or general welfare, in view of better police protection, economy in street paving, lessening of fire hazard, and likelihood of business establishment being a genuine nuisance, and hence does not take property without due process of law, or without just compensation, or deny the equal protection of the law."

The ruling was affirmed in State ex rel. Dubos et al. v. City of New Orleans, 154 La. 287, 97 So. 445; Liberty Oil Co. v. City of New Orleans, 154 La. 288, 97 So. 446; State ex rel. Traverse v. City of New Orleans, 154 La. 289, 97 So. 446; State ex rel. Hayes v. City of New Orleans, 154 La. 289, 97 So. 446; Boland v. Compagno, 154 La. 469, 97 So. 661; City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A. L. R. 1136; Tyler

v. Harmon, 158 La. 439, 104 So. 200; State ex rel. National Oil Works v. McShane, Mayor, 159 La. 723, 106 So. 252; and State ex rel. Giangrosso v. City of New Orleans, 159 La. 1016, 106 So. 549.

The judgment appealed from is annulled, and the relator's demand is rejected, and his suit dismissed at his cost.