LAND, J.
 

 The city of New Orleans has appealed from a judgment of the civil district court ordering the mayor and the city engineer to issue to relator, Mrs. Jennie Roberts, wife of John Palmisano, a permit for the construction of a building for a moving picture theater on a certain piece of real estate situated in the city of New Orleans, in the Sixth district, fronting on Claiborne avenue, and bounded by Hodge, Bloomingdale, and Calhoun streets.
 

 The judgment appealed from also enjoins defendants from interfering with the. construction of the building.
 

 I. The necessary building permit was refused by the city authorities on the ground that Ordinance 7086, C. C. S., is a legal and valid zoning ordinance, and prohibits the establishment of any motion picture show on South Claiborne avenue from Napoleon avenue to Calhoun street.
 

 Relator has attacked the ordinance in question, as well as Act 27 of 1918, as being in contravention of articles 2 and 31 of the Constitution of 1913 and article 3, § 16, of the Constitution of 1921, and of article 1, § 10, of the Constitution of the United States, and of the Fourteenth Amendment thereto.
 

 Relator also contends .that section 29 of article 14 of the new Constitution, authorizing all municipalities to zone their territories, attempts to deprive her of her property without due process of law, and likewise contravenes the Fourteenth Amendment to the federal Constitution.
 

 The judgment in this case was rendered in the lower court April 25, 1923, and was signed May 16, 1923.
 

 The case of State ex rel. Civello v. City of New Orleans et al., 154 La. 271, 97 So. 440, 33 A. L. R. 260, was not decided by this court until July 11, 1923.
 

 In the Civello Case it was held that Act 27 of 1918 is not violative of the constir tutional prohibition against a statute’s having more than one object, and that the provisions of Act 27 of 1918 and of the Constitution of 1921 (art. 14, § 29), relative to zoning, did not violate any guaranty in the federal Constitution, as they do not authorize municipal governments to deprive citizens of their property without due process of law, or to take private property for public use without just compensation, as contended by relator in the present case.
 

 It was further held in the Civello Case that the zoning of a city by creating residence districts and commercial or industrial districts, and by prohibiting business establishments in residence districts, is a valid exercise of the police power, and that due process of law and equal protection of the laws are had, when laws affect alike all persons similarly situated.'
 

 Section 2 of Ordinance 7086, C. C. S., denies to any and every one the privilege of erecting or operating a moving picture show within the limits defined. The ordinance therefore affects alike all persons similarly situated, and does not discriminate arbitrarily against persons owning property in that district.
 

 Section 6 of the ordinance exempts drugstores, boarding houses, apartment houses, and hotels from its provisions.
 

 
 *205
 
 Relator is permitted equally -with, all others to construct a building and to operate any of these exempted businesses within the zoning area. There is no discrimination against relator in this provision of the ordinance. ,
 

 While section 6 of said ordinance permits the establishment of hotels, the operation of restaurants is prohibited under section 4. This is a matter which does not concern relator. She has no standing in court to make such complaint, since she has not made a demand for a building permit for the erection of a restaurant, but for the erection of a moving picture show.
 

 Relator is without actual interest in attacking sections of the ordinance, under which she does not come, and by which she cannot be affected. State v. Coco, 152 La. 253, 92 So. 883; State v. Rogers, 148 La. 653, 87 So. 504.
 

 In our opinion, the judgment of the lower court is erroneous, as Ordinance 7086, C. O. S., is constitutional and valid, and the permit applied for by relator was properly refused by the city authorities.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that the writs of mandamus and injunction issued herein 'be set aside; that the demands of the relator be rejected, and that this suit be dismissed, at her cost.