O’NIELL, C. J.
 

 The city of New Orleans has appealed from a judgment rendered by the civil district court declaring two municipal ordinances unconstitutional and enjoining the city against enforcing them. One of them is a so-called zoning ordinance, being Ordinance No. 7432, C. C. S., forbidding the construction or operation of any business establishment in any of the city squares or blocks adjoining St. Claude avenue, between Marigny street and Delery .street. The ordinance provides further that, whenever any place of business within that area shall become vacant or cease to be used for the business for which it was being used when the ordinance was enacted, it shall be unlawful to re-establish or conduct any business there. The other ordinance in contest is a so-called setback ordinance, being Ordinance No. 8459, C. C. S. (amending and re-enacting Ordinance No. 6712, N. C. S.), forbidding the city engineer to issue any permit for the construction or alteration of any building on any property abutting and facing on St. Claude avenue, between Jordan avenue and the St. Bernard parish line, unless the building is set back a distance not less than 15 feet from the property line on St. Claude avenue. ■
 

 The plaintiff owns a vacant lot at the corner of St. Claude avenue and Delery street, measuring 35 feet 6 inches front on the avenue and 120 feet in depth along Delery street, in the block bounded also by North Rampart street and Trieou street, and therefore within the area embraced in both the zoning ordinance, No. 7432, and the setback ordinance, No. 8459. (He desires to construct on his lot a store building facing St. Claude avenue, with the front of the building only 2 feet from the property line on the avenue, and to establish and conduct a store or mercantile business there. He is forbidden by Ordinance No. 8459 to construct any kind of building within the distance of 15 feet from the property line on St. Claude avenue, and is forbidden by Ordinance No. 7432 to establish a store or place of business anywhere on his lot; hence this suit to have both ordinances adjudged unconstitutional and to enjoin the city against enforcing them.
 

 St. Claude avenue is the principal thor- , oughfare, and the
 
 only
 
 paved thoroughfare, leading from the business centre of New Orleans to the city limits down town — the St. Bernard parish Une. The lower line of Delery street is on the dividing line between the city of New Orleans and the parish of St. Bernard. St. Claude avenue, between Marigny street and Delery street, is a residence neighborhood, in which, however, there were at least 12 and perhaps 18 business establishments when the zoning ordinance, No. 7432, was enacted, and in which some of the buildings 'were, when the setback ordinance, No. 8459, was enacted, and are yet, within 15 feet from the property line on the avenue.
 

 The reason why the zoning ordinance, No. 7432, was declared unconstitutional was that it discriminated against the owners of
 
 *779
 
 vacant lots and the owners of residences, and in favor of the owners of property used for business purposes, when the ordinance was enacted. The plaintiff contended, and the civil district court held,- that such a discrimination tended to create a monopoly in favor of the owners of business establishments existing when the ordinance was enacted, and deprived the owners of vacant property and the owners of residences of the equal protection of the law, in violation of the Fourteenth Amendment of the Constitution of the United States. It is not contended that the ordinance is unconstitutional or invalid in any other respect, for it is now well settled that such ordinances are within the police power of municipal corporations and are not essentially violative of any constitutional guaranty. State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A. L. R. 260; State ex rel. Dubos v. City of New Orleans, 154 La. 287, 97 So. 445; State ex rel. Liberty Oil Co. v. City of New Orleans, 154 La. 288, 97 So. 446; State ex rel. Traverse v. City of New Orleans, 154 La. 289, 97 So. 446; State ex rel. Hayes v. City of New Orleans, 154 La. 289, 97 So. 446; Boland v. Compagno, 154 La. 469, 97 So. 661; State ex rel. Giangrosso, 159 La. 1016, 106 So. 549; State ex rel. Palma v. City of New Orleans, 161 La. 1103, 109 So. 916; State ex rel. Manhein v. Harrison, City Building Inspector, 164 La. 564, 114 So. 159; Tillage of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303; Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074.
 

 The discrimination in favor of the owners of property on which business establishments were being conducted when the ordinance was enacted was not an arbitrary discrimination or classification. If the ordinance had abolished such establishments, it would have been a very different ordinance, in that it would have had a much harsher effect upon the proprietors of such establishments and the owners of the property so used than it had upon the owners of property not already occupied by business establishments. The owners of property occupied by business establishments and the owners of property not so occupied, in the restricted area, were not similarly situated. The ordinance, therefore, in forbidding the construction or establishment of any new place of business, and forbidding a reconstruction or re-establishment of any place of business whenever any such place should cease to be a place of business, affected all persons similarly situated; and that is all that was necessary to give to every one the equal protection of the law.
 

 The proposition urged by the plaintiff here was presented in State ex rel. Manhein v. Harrison, City Building Inspector, 164 La. 564, 114 So. 159, and we decided that, in a zoning ordinance, the exemption of property already in use for business purposes so long as it continued to be so used was not an arbitrary discrimination against the owners of property not already in use for business purposes, in the restricted area, and therefore did not deny them the equal protection of the law, viz.;
 

 “In our opinion this attack upon the constitutionality of the ordinance is not well founded. The exception in favor of existing buildings and the existing use of them is not unjustly discriminatory. To except these buildings and the continued use of them from, the ban of the ordinance is reasonable. The council had a right, in adopting the ordinance, to place such buildings and their use in a class by themselves, and except them, including the use to which they were then being put, from the prohibition of the ordinance. The council had the right to do this in order to avoid making the ordinance unnecessarily harsh and burdensome. The council, in so doing, was denying to no one the equal protection of the laws, for the ordinance, based upon a classification, which is not arbitrary, but which appears to be sound and just, applies alike to all similarly situated.”
 

 
 *781
 
 In the ease of State v. Thrift Oil & Gas Co., 162 La. 193, 110 So. 197, 51 A. L. R. 261, on rehearing, it was said:
 

 “ * * * But a statute which favors already-existing establishments is reasonable and constitutional, whilst a statute which discriminates against such already existing establishments is unreasonable and unconstitutional. For instance, in regulating any profession or occupation, it is customary to discriminate to some degree in favor of those already engaged therein; and no one doubts that such discrimination does not deny any one the equal protection of the law. Cf. Watson v. State, 105 Md. 650, 66 A. 635; Watson v. Maryland, 218 U. S. 173, 30 S. Ct. 644, 54 L. Ed. 987.”
 

 Our conclusion is that the discrimination in favor of the proprietors of business establishments existing when the ordinance was adopted was not violative of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.
 

 The theory on which the setback ordinance, No. 8459, was declared unconstitutional was that the power
 
 to
 
 enact such a regulation was a part of the power of eminent domain, and therefore could not be exercised without payment of adequate compensation to the owner for the taking of his property for I>ublic use, or benefit. That was the theory and effect of some of the earlier decisions of the state courts on the subject; but it is now settled by a recent decision by the Supreme Court of the United States that a so-called setback ordinance does not constitute a taking of private property for public purposes, under the power of eminent domain, but is, like the other so-called zoning ordinances, merely an exercise of the ordinary police power. We refer to Gorieb v. Fox. 274 U. S. 603, 47 S. Ct. 675, 71 L. Ed. 1228, 53 A. L. R. 1210. The decision is so appropriate to this case that we shall quote the opinion of Mr. Justice Sutherland extensively, viz.:
 

 “The remaining contention is that the ordinance, by compelling petitioner to set his building back from the street line of his lot, deprives him of his property without due process of law. Upon that question the decisions are divided, as they are in respect of the validity of zoning regulations generally, But, after full consideration of the conflicting decisions, we recently have held (Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, ante [71 L. Ed.] 303) that comprehensive zoning laws and ordinances, prescribing, among other things, the height of buildings to be erected (Welch v. Swasey, 214 U. S. 91, 29 S. Ct. 567, 53 L. Ed. 923) and the extent of the area to be left open for light and air and in aid of fire protection, etc., are, in their general scope, valid under the Federal Constitution. It is hard to see any controlling difference between regulations which require the lot owner to leave open areas at the sides and rear of his house and limit the extent of his use of the space above his lot and a regulation which requires him to set his building a reasonable distance back from the street. Each interferes in the same way, if not to the same extent, with the owner’s general right of dominion over his property. All rest for their justification upon the same reasons which have arisen in recent times as a result of the great increase and concentration of population in urban communities and the vast changes in the extent and complexity of the problems of modern city life. Euclid v. Ambler Realty Co., supra, p. 386. State Legislatures and city councils, who deal with the situation from a practical standpoint, are better qualified than the courts to determine the necessity, character and degree of regulation which these new and perplexing conditions require; and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable. Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, ante [71 L. Ed.] 1074, and authorities cited (decided May 16, 19217).
 

 “The property here involved forms part of a residential district within which, it is fair to assume, permission to erect business buildings is the exception and not the rule. The members of the city council, as a basis for the ordinance, set forth in their answer that front yards afford room for lawns and trees, keep the dwellings farther from the dust, noise and fumes of the street, add to the attractiveness and comfort of a residential district, create a better home environment, and, by securing a greater distance between houses on opposite sides of the street, reduce the fire hazard; that the projection of a building beyond the front-line of the adjacent dwellings cuts off light and
 
 *783
 
 air from them, and, hy interfering with the view of street corners, constitutes a danger in the operation of automobiles. We cannot deny the existence of these grounds; indeed, they seem obvious. Other grounds, of like tendency, have been suggested. The highest court of the state, with greater familiarity with the local conditions and facts upon which the ordinance was based than we possess, has sustained its constitutionality; and that decision is entitled to the greatest respect and, in a case of this kind, should be interfered with only i'f in our judgment it is plainly wrong (Welch v. Swasey, supra, p. 106 (29 S. Ct. 567, 53 L. Ed. 930), a conclusion which, upon the record before us, it is impossible for us to reach.
 

 “The courts, it is true as already suggested, are in disagreement as to the validity of setback requirements. An examination discloses that one group of decisions holds that such requirements have no rational relation to the public safety, health, morals, or general welfare, and cannot be sustained as a legitimate exercise of the police power. The View of the other group is exactly to the contrary. In the Euclid Case, upon a review of the decisions, we rejected the basic reasons upon which the decisions in the first group depend and accepted those upon which rests the opposite view of the other group. Nothing we think is to be gained by a similar review in respect of the specific phase of the general question which is presented here. As to that, it is enough to say that, in consonance with the principles announced in the Euclid Case, and upon what, in the light of present day conditions, seems to be the better reason, we sustain the view put forward by the latter group of decisions, of which the following are representative: Windsor v. Whitney, 95 Conn. 357, 111 A. 364, 12 A. L. R. 669; Wulfsohn v. Burden, 241 N. Y. 288, 303, 150 N. E. 120, 43 A. L. R. 651; Lincoln Trust Co. v. Williams Bldg. Corp., 229 N. Y. 313, 128 N. E. 209.”
 

 Our conclusion is that this setback ordinance, No. 8459, does not violate the constitutional guaranty against depriving one of his property without due process of law, or the taking of private property for a public purpose without payment of just and adequate compensation.
 

 The judgment appealed from is annulled, and th'e plaintiff’s demand is rejected, and his suit dismissed at his cost.