144 So. 502

STATE ex rel. HOLCOMBE v. CITY OF LAKE CHARLES et al. (KRAUSE et al., Interveners).

No. 31722.

Oct. 31, 1932.

Vance Plauche, of Lake Charles, for appellants.

J. A. Williams, of Lake Charles, for appellee.

J. Sheldon Toomer, of Lake Charles, for interveners.

O'NIELL, C. J.

This is a mandamus proceeding to compel the building inspector of the city of Lake

Charles to issue a permit to the relator to construct and operate a gasoline filling station on his property in the city. The only reason for the refusal to grant the permit was that the relator's property was within the limits prescribed by a zoning ordinance, forbidding the construction or use of any building for any commercial or business purpose within the defined limits. The relator contended that the ordinance (being Ordinance No. 437 Commission Series) was null because its adoption was not in conformity with the requirements of section 4 of Act No. 240 of 1926. The statute prescribes certain conditions on which municipalities may adopt zoning ordinances. The conditions prescribed in section 4 of the act are that the municipality shall allow a public hearing, at which the parties interested and the citizens generally shall have an opportunity to be heard, in relation to any proposed zoning ordinance, and that notice of the hearing shall be published for 30 days previous thereto. It is admitted that these provisions of the law were not complied with in the adoption of Ordinance No. 437; the contention of the municipal authorities being that the Constitution of 1921, article 14, § 29, without any restriction or limitation, authorized all municipalities to zone their territory, to create residential, commercial, and industrial districts, and to prohibit the establishment of places of business in residential districts; and that the Legislature was thus forbidden to limit or restrict the authority so conferred upon municipalities by the Constitution.

Six property taxpayers, having their residences within two blocks—some of them being within one block—from the relator's property, intervened in the suit and joined the

defendants, city of Lake Charles and the city's building inspector, in resisting the relator's demand.

Two weeks after the suit was filed the city council adopted another ordinance on the subject, being Ordinance 532, Commission Series, declaring that no permit should issue for the establishment of a garage or filling station without the written consent of a majority of the owners of the property fronting on the street or streets where the business was proposed to be established, and within 300 feet from the proposed establishment. The ordinance was enacted to put into effect in the city of Lake Charles the provisions of Act No. 275 of 1928, p. 532, relating to the establishing and operating of garages and oil stations. Section 3 of the act declares that it shall not be effective in any city, town, village, or parish until an ordinance of the governing authority, putting the law into effect, shall have been adopted, and after publication in the official journal of the parish for a period not less than 30 days.

Neither the Ordinance No. 532 nor the intention to adopt it was published in the official journal of the parish of Calcasieu, of which Lake Charles is the parish seat; nor had the ordinance been published for 30 days in any newspaper at the time it was invoked in defense of this suit. It had been published, for a period less than 30 days, in the official journal of the city.

The district judge decided that Ordinance No. 437 was null because of the omission of the requirements of section 4 of Act No. 240 of 1926, and that Ordinance No. 532 was of no effect because of the omission of publication in the official journal of the parish. The judge, therefore, gave judgment for the rela-

tor. The city of Lake Charles and the building inspector, and the interveners, have appealed from the decision.

█ The contention of the appellants that the Legislature could not prescribe any regulations or conditions for the adoption of zoning ordinances by municipal corporations, because none was prescribed in section 29 of article 14 of the Constitution, is based upon the decision in State ex rel. Board of School Directors v. City of New Orleans, 42 La. Ann. 92, 7 So. 674. What was decided in that case was that a municipal corporation, notwithstanding it was a creature of the Legislature, could question the constitutionality of a statute enacted by the Legislature to control the municipality in a matter pertaining to its government. The statute that was resisted by the city in that case was declared unconstitutional for reasons which are not at all relevant to the issues in this case. It was not held in this case, or contended by the relator, that the city of Lake Charles had no right to question the constitutionality of Act No. 240 of 1926. The contention of the relator and the ruling of the court was that the city's plea, that the requirements of section 4 of Act No. 240 of 1926 were contrary to the authority granted by section 29 of article 14 of the Constitution, was not well founded. The ruling was correct. Section 29 of article 14 of the Constitution was not intended to deprive the Legislature of its authority to prescribe rules and regulations for the adoption of zoning ordinances by municipal corporations. The section merely declares: "All municipalities are authorized to zone their territory; to create residential, commercial and industrial districts, and to prohibit the establishment of places of business in residential districts."

The purpose of section 29 of article 14 of the Constitution was merely to declare, as a matter of public policy, that it was within the police power of all municipalities to adopt zoning ordinances. Theretofore, only a city having a population exceeding 50,000 could adopt zoning ordinances. It was so provided by Act No. 27 of 1918, p. 35, when New Orleans was the only city in the state having a population exceeding 50,000. Before the statute was enacted this court had held, in Calvo v. City of New Orleans, 136 La. 480, 67 So. 338, in 1915, and again in State ex rel. Blaise v. City of New Orleans, 142 La. 73, 76 So. 244, in 1917, that the charter of the city of New Orleans did not confer upon the municipal council the authority to enact zoning ordinances. It was to overcome the authority or result of those decisions that the Legislature, by Act No. 27 of 1918, gave the city of New Orleans the authority to enact zoning ordinances; and it was merely to extend the authority to "all municipalities" that section 29 of article 14 of the Constitution of 1921 was adopted. We expressed that opinion in deciding the case of State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 442, 33 A. L. R. 260, in 1923, thus:

"That provision in the new Constitution, of course, did not add anything to the authority of the Legislature to allow municipalities to zone their territory, to create residential, commercial, and industrial districts, and to prohibit the establishment of places of business in residential districts. It was sufficient that the Constitution did not expressly prevent the exercise of the police power in that respect. We assume, therefore, that the intent and purpose of the expression in section 29 of article 14 of the new Constitution was

that the authority which was conferred upon the city of New Orleans by the Act 27 of 1918, and which was extended to all municipalities by the provision in the new Constitution, should prevail over whatever was said to the contrary in the opinion of this court in Calvo's Case and in Blaise's Case."

We agree, therefore, with the district judge, that the Legislature was not forbidden by section 29 of article 14 of the Constitution to prescribe such rules and regulations as were prescribed by Act No. 240 of 1926 for the adoption of zoning ordinances by municipalities. Hence we agree that Ordinance No. 437, Commission Series, of the city of Lake Charles, is null for want of a compliance with the provisions of the act of 1926.

■ We agree also, with the district judge, that Ordinance No. 532, relating to garages and oil stations, was without effect for want of publication for 30 days in the official journal of the parish. Section 3 of Act No. 275 of 1928 declares that this law shall not become effective in any town, city, or village, or in any parish, where such establishment is to be located outside of any city, town, or village, until an ordinance of the governing authority carrying the same into effect shall have been passed, making the same the law, "and only then after publication so to do has been published in the official journal of the Parish for not less than thirty days." The manner of expression, which we have quoted, is not accurate. The expression "after publication so to do" seems to mean "after publication of the intention so to do," rather than publication of the ordinance after its adoption. But that is a matter of no importance in this case,

because, as we have said, there was no publication either of the intention to adopt the ordinance or of the ordinance itself in the official journal of the parish. The appellants contend that the intention of the Legislature was to require only parish ordinances to be published in the official journal of the parish, and to require city, town, or village ordinances to be published in the official journal of the city, town, or village, as the case might be. That might have been a better method for the Legislature to adopt for the publication of such ordinances; but there is no assurance, or indication in the statute, that the Legislature intended that the statute should be construed otherwise than according to its exact language. When a law is plain and free from ambiguity, the letter of it is not to be disregarded for the purpose of pursuing its spirit. Rev. Civ. Code, art. 13. Our conclusion is that the judgment appealed from is correct.

■ The interveners have filed in this court what they call a plea in abatement, and a motion to remand the case for the purpose of sustaining the plea, in which they set forth that, after the case was decided by the district judge, the municipal council of Lake Charles adopted another zoning ordinance (No. 533) which purports to forbid the establishment of a filling station on the relator's property. In the exercise of our discretion we decline to remand the case. There is no good reason why a case of this kind should be remanded or reopened whenever the municipality adopts another ordinance in defense of the suit.

The judgment is affirmed.