*997
 
 HAWTHORNE, Justice.
 

 On May 14, 1947, the Police Jury of the Parish of Jefferson, acting under and by virtue of the authority of Article 14, Section 29(a), of the Constitution of this state, created a residential district designated as “Residential District No. 1 of the Parish of Jefferson, State of Louisiana”. The ordinance establishing this residential district was submitted for approval to the resident property taxpayers of the district at an election held for that purpose on June 17, 1947. On June 18 the police jury met for the purpose of canvassing and counting the ballots cast at the special election, and ascertained that the ordinance had been approved unanimously both in number of votes and in amount of property assessment. The results of the election were duly promulgated in a newspaper published in the parish.
 

 On August 20, 1947, plaintiffs, Clyde Ransome and Ernest E. Moise, as owners of Lot L of the Kostmayer Subdivision in the Parish of Jefferson, situated within Residential District No. 1 of that parish, instituted this suit against the police jury seeking to have the police jury ordinance, the election, and the canvassing and the promulgation of the returns thereof can-celled, recalled, annulled, and vacated insofar as they affected plaintiffs’ property, for the reason that they were inoperative, unconstitutional, null, and void because they constituted a taking of petitioners’ property without due process of law, contrary to Article 1, Section 2, of the Constitution of this state and the Fifth and Fourteenth Amendments of the Federal Constitution, and also because action thereunder would constitute .an impairment of the obligation of contracts, contrary to Article 4, Section IS, of the Constitution of this state and Article 1, Section 10, of the Constitution of the United States, and, further, because the zoning ordinance would be retroactive if applied to petitioners’ property. The district court rendered judgment for plaintiffs as prayed for, and the police jury has appealed.
 

 The record discloses that these plaintiffs acquired Lot L on April 24, 1947, prior to the effective date of the zoning ordinance, and shortly after its acquisition commenced the construction of a building thereon to be used for commercial purposes, that is, as a “seafood establishment”. On May 2, 1947, while this building was under construction and was more than half completed, an injunction suit was filed against these plaintiffs by Ernest J. Holloway, a resident of the subdivision in which plaintiffs’ lot is located. Plaintiff’s cause of action in that suit was that the defendants therein were violating restrictions as to the use of property contained in various deeds to plaintiff and other persons of property in the subdivision. A temporary restraining order was granted enjoining the defendants from continuing with the construction of the building. In that suit the rule nisi was fixed for trial for May 12,
 
 *999
 
 1947, and, according to the allegations of plaintiffs’ petition in the instant suit, at the request of Holloway’s attorneys the trial was continued from time to time and was finally had on July 1, 1947. The district •court rendered judgment enjoining and restraining defendants therein from continuing with the construction of their building, .and defendants in that suit, plaintiffs herein, appealed devolutively to this court. On December 9, 1949, the judgment of the district court was reversed, and plaintiff’s suit was dismissed. See Holloway v. Ransome et al., No. 38,726 on the docket of this court, 216 La. 317, 43 So.2d 673.
 

 Further, according to the allegations of plaintiffs’ petition, it was on the petition •of Holloway and other property owners in the Kostmayer Subdivision that the Police Jury of the Parish of Jefferson on May 14, 1947, adopted the ordinance creating Residential District No. 1, which is here under attack. This ordinance was adopted while the injunction suit instituted by Holloway was pending in the lower •court, and plaintiffs herein further allege that they would have completed the construction of the building which they intended to use as a commercial establishment on or about May 12, 1947, or prior to the adoption and the effective date of the ordinance, had they not been enjoined from continuing with its construction because of the suit instituted by Holloway.
 

 The ordinance creating Residential District No. 1 of the Parish of Jefferson provides in Section 3: “That when the creation of the said Residential District shall have been approved by the resident property taxpayers in said district at an election held for that purpose, by majority in number and amount of property assessment, that the creation of said Residential District shall become final and effective, and
 
 thereafter the establishment of places of business in the said Residential District shall be and the same are
 
 [m]
 
 hereby prohibited.”
 
 (Italics ours.)
 

 Since this section of the ordinance prohibits the establishment of places of business in the residential district
 
 only
 
 after the effective date of the ordinance itself, the prohibition against the establishment of a place of business in the district is prospective and not retroactive. Plaintiffs-appellees do not contend or allege that they had established their business prior to the effective date of the ordinance, nor is there any allegation or proof that the police jury or any other person has threatened or attempted to enforce the provisions of this ordinance against them. Under the provisions of the ordinance, if they had actually established their business prior to its effective date, the prohibition contained therein against the establishment of businesses in such residential district would not apply to them.
 

 By Article 14, Section 29(a), of the Constitution of this state, the Police Jury of the Parish of Jefferson is authorized, in the manner set forth therein, to create
 
 *1001
 
 residential, commercial, and industrial districts and to prohibit the establishment of places of business in residential districts, .and the exercise of the authority so granted, in a proper manner, by the adoption •of an ordinance thereunder in no way deprives one of property without due process ■ of law in violation of the Constitutions of this state and of the United States. That the exercise of such authority does not violate the due process of law clauses •of the state and Federal Constitutions is well settled in the jurisprudence of this state. See State ex rel. Manhein v. Harrison et al., 164 La. 564, 114 So. 159, and authorities therein cited, State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; State ex rel. Giangrosso v. City of New Orleans, 159 La. 1016, 106 So. 549; State ex rel. Palma v. City of New Orleans et al., 161 La. 1103, 109 So. 916; State ex rel. Roberts v. City of New Orleans, 162 La. 202, 110 So. 201; Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016. See also Sampere v. City of New Orleans, 166 La. 776, 117 So. 827, affirmed 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; State ex rel. Dema Realty Co. v. McDonald et al., 168 La. 172, 121 So. 613, certiorari denied 280 U.S. 556, 50 S.Ct. 16, 74 L.Ed. 612; State ex rel. Shaver v. Mayor and Councilmen, Town of Coushatta, La.App., 196 So. 388.
 

 The deed under which plaintiffs purchased the property contained a statement that: “Property can be used for commercial, no restrictions in title.” It is their contention that under this provision of their contract of purchase their vendor warranted that the property could be used for commercial purposes, and that the zoning ordinance of the police jury constitutes an impairment of what they term this obligation of their contract of purchase and is therefore unconstitutional, being in violation of Article 4, Section 15, of the Constitution of this state, and Article 1, Section 10, of the Constitution of the United States.
 

 There is no merit in this contention. The provision which we have quoted from the deed is nothing more than a declaration on the part of the vendor that on the date of purchase there existed no legal impediment against the use of the property for commercial purposes, and' cannot possibly be construed as a warranty that the property would at no time in the future be zoned by the police jury under constitutional authority permitting such. zoning. Certainly the vendor in the deed did not obligate himself to prevent the police jury from exercising its police power in zoning property. Moreover, it is well settled that everyone holds his property subject at all times to every valid exercise of the police power, and the adoption of such an ordinance, pursuant to the authority of the Constitution, is undoubtedly a valid exercise of the police power. See Jacobson v. Commonwealth of Massachusetts,
 
 *1003
 
 197 U.S. 11, 26, 25 S.Ct. 302, 358, 49 L. Ed. 639, 643, 3 Ann.Cas. 765; State ex rel. Manhein v. Harrison, supra; City of Shreveport v. Kansas City, S. & G. Ry. Co., 167 La. 771, 120 So. 290, 62 A.L.R. 1512; City of Shreveport v. Kansas City Southern Ry. Co., 193 La. 277, 190 So. 404; State ex rel. Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177; Cochran v. Preston, 108 Md. 220, 70 A. 113, 23 L.R.A.,N.S., 1163, 129 Am.St.Rep. 432, 15 Ann.Cas. 1048; 2700 Irving Park Bldg. Corp. v. City of Chicago, 395 Ill. 138, 69 N.E.2d 827; Metzenbaum, The Law of Zoning (1930) 54.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is ordered that plaintiffs’ suit be dismissed at their costs.