Dear Mr. Drost:
You have requested an opinion of this office as to "whether or not the Land Use Commission and the City Council should consider a request for a variance and/or change in zoning classification without addressing the issue of any applicable subdivision restrictions".
We will begin with a brief examination of restrictions as set forth by Yiannopoulos, Civil Law Property § 229 at 453 where he states:
 . . . building restrictions should be classified as sui generis real rights akin to predial servitudes. This view has been adopted in the 1977 [Civil Code] revision. Accordingly, building restrictions are regulated by Articles 775 through 783 of the Civil Code as well as "by applications of the rules governing servitudes to the extent that their application is compatible with the nature of the holding restrictions.
The law in Louisiana is well settled that "[z]oning ordinances neither terminate nor supersede existing building restrictions". La. C.C. Article 782 comment (c); Alfortish v. Wagner,7 So.2d 708 (1942); Olivier v. Berggren, 136 So.2d (La.App. 4th
Cir. 1962); Ransome v. Police Jury of Parish of Jefferson,45 So.2d 601 (1950). However, it should be noted that either the individual restrictions or the whole plan may be abandoned should the subdivision owners fail to enforce the restrictions by injunctive action within two years from the onset of the violation. La. C.C. Article 782, comment (d). *Page 2 
In summary, there is no requirement that the Land Use Commission nor the City Council consider the building restrictions of a subdivision when granting a variance or a change in classification, however, since granting a variance or a change will not supersede the subdivision restrictions and could cause confusion and/or needless litigation, it would be advisable for the Commission to review any applicable subdivision restrictions.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________
 Charles F. Perry Assistant Attorney General