| 4 | 371 |
|---|---|
| 117 | 608 |

---

## CLEMENT, Tutrix, *v.* STORY et al.

*Within the limits of the city of New Orleans, the parties interested may elect in which of the district courts they will open a succession; but when opened in one of the courts, it has the same exclusive power over it as the court of Probates under the late judicial organization. An action for a debt due by the succession can be brought in no other court.*

APPEAL from the Second District Court of New Orleans, *Canon,* J. *A. Hennen,* for the appellants. *L. Peirce* and *Josephs,* for the defendants. The judgment of the court was pronounced by

ROST, J. The petition of the tutrix of the minor heirs of the late *Benjamin Story* alleges that, the mother of said minors died before their father; that her succession was settled in the then court of Probates, and their rights liquidated at the sum of $20,056 25, for each; and that to secure the payment of these sums their father gave them a mortgage, in favor of the judge of the court of Probates, on immoveable property situated in this city; that another minor heir died shortly after the date of said mortgage, and the petitioners inherited from

CLEMENT
*v.*
STORY.

him the sum of $2,507 03, each ; that their father did not invest their funds on interest, as he was bound to do; and that, at his death, he left, besides the petitioners, three heirs of age, who have accepted the succession, purely and simply, and received their portion in the succession of their mother and of their deceased brother. The prayer is that the heirs of age be cited ; that they may be ordered to render an account of the estate of the three minors in the successions of their mother and brother; and that they be adjudged to pay the petitioners $80,000, with interest at the rate of eight per cent per annum from the 21st November, 1845, until paid, and that the property mortgaged may be seized and sold to satisfy this judgment.

The defendants excepted to the petition that, the Second District Court, in which it was filed, was without jurisdiction, all the matters and things put at issue by said petition being now at issue and undecided between the same parties in the Fourth District Court, in the matter of the *Succession of Benjamin Story*, which has been opened there, and also in the suit of *Mrs. Mackie* against the other heirs for a partition of said succession. They further excepted that the Fourth District Court is the only proper tribunal for the settlement of the succession of *Benjamin Story* and all matters pertaining thereto. The judge of the Second District Court sustained these exceptions, and dismissed the petition. The plaintiff has appealed.

There is no error in the judgment. The succession of *Mrs. Story* has been finally settled, and the claims of the minors are debts of the succession of their father, to be settled in the action of partition now pending before the Fourth District Court.

It is urged that the act of 1846, creating the District Courts for the city of New Orleans, confers equal jurisdiction on each of the five courts, and what one can do, each of the others can also do. It is said that the pendency of a suit for partition, does not preclude one of the parties thereto from instituting a personal action against the others for a debt due by the ancestor.

Before the new organization of the judiciary, courts of Probate had exclusive power, with a few exceptions, to decide on claims for money brought against successions administered by curators, testamentary executors or administrators, and to establish the order of privileges, and the mode of payment. They had also exclusive power to regulate all partitions of successions, in which minors were interested, and all actions of partition were to be brought in the court where the succession was opened.

We do not understand that the act of 1846 has repealed that legislation. Within the limits of the city of New Orleans, the parties interested may elect in which of the District courts they will open a succession; but, when one of the courts has been seized with it, it has the same exclusive power over it which pertained to the court of Probates.

*Judgment affirmed.*