(42 South. 153.)

No. 15,893.

WILLIAMS' HEIRS et al. v. ZENGEL.

(June 18, 1906.   Rehearing Denied Oct. 29, 1906.)

1. APPEAL—FILING ANSWER—REASSIGNMENT OF CASE.
    The three days for filing an answer to the appeal are computed from the day for which the case has been reassigned, when the first assignment has been set aside by consent of parties.

2. PLEADING — OYER OF TITLE — ACTION OF JACTITATION.
    A defendant in an action of jactitation is not entitled to oyer of plaintiff's title. Until he has answered, and, by way of reconvention, set up title, the only issues involved are possession, vel non, by plaintiff, and slander, vel non, by defendant, on which issues oyer of title cannot be asked; and after he has answered and claimed title he occupies the position of plaintiff in a petitory action, and the plaintiff in a petitory action cannot claim oyer of the defendant's title.

3. VENUE—ACTION OF JACTITATION.
    The suit in jactitation is a form of the action in revendication, and, when against a succession, does not have to be brought before the court in which the succession is pending, but may be brought in the parish where the property is situated.

4. SAME—SUIT IN DAMAGES.
    But, when such a suit is brought in the court of another parish than that where the succession is pending, a suit in damages cannot be coupled with it. Such demand for a purely money judgment must be prosecuted before the court in which the succession is being administered.

5. SAME—SUIT AGAINST ADMINISTRATOR.
    A suit against the administrator of a succession, individually, on a liability alleged to have grown out of his personal acts, must be brought before the court of his domicile, for example, a suit growing out of his act in maliciously causing property to be inventoried as belonging to the succession he administers, though well knowing that it does not.
    [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, § 34; vol. 22, Cent. Dig. Executors and Administrators, §§ 1726–1728.]

6. SLANDER — ACTION FOR JACTITATION — JOINDER OF CAUSES.
    A suit in jactitation involving property held in severalty by one of the plaintiffs cannot be ingrafted, by supplemental petition, upon a suit in jactitation involving property held in indivision by the several plaintiffs. Nor does it make any difference that the title to the two properties has the same origin, in such way that, should the defendant answer the suit by setting up title, the issue would be precisely the same in the case of both properties, namely, whether or not a certain sale had been made. Non constat that defendant will set up title, and, until he does, the action involves nothing but possession, and as to the property held in severalty there is no community of interest between the several owners.

7. DISMISSAL—MISJOINDER OF CAUSES.
    However, the penalty of thus improperly attempting to ingraft a separate and disconnected suit upon the pending suit is not the dismissal of the pending suit, but simply the rejection of

the suit sought to be ingrafted. "Utile per in-utile non vitiatur."

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, §§ 112, 127, 134.]

8. SLANDER—ACTION FOR JACTITATION—PARTIES.

Joint owners may join in a jactitation suit.

9. TORTS—PARTIES DEFENDANT.

All the participants in a tort may be joined in one suit.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Torts, §§ 28, 29; vol. 37, Cent. Dig. Parties, §§ 15, 35, 46.]

10. ELECTION OF REMEDIES—ESTOPPEL.

An opposition wherein the opponent alleges that he is in possession of the property in dispute is not a petitory action, and hence does not estop the opponent from afterwards bringing the possessory action. The reason why the possessory action cannot be brought after the petitory is that the petitory action judicially admits that the adversary is in possession, and therefore precludes the possessory which is founded on possession.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by the heirs of Henry T. Williams and others against Frank Zengel, curator and individually. Judgment for defendant, and plaintiffs appeal. Reversed, and suit dismissed in part, and case remanded.

William Winans Wall and Lapeyre, Monroe & Breazeale, for appellants. Cunningham & Cunningham and Pierre De Vezin Olivier, for appellee.

PROVOSTY. J. There are two petitions, an original and a supplemental. In the original petition the plaintiffs alleged that they were "the holders, owners, and possessors" of certain real estate which they described, and that the defendants had slandered, and were continuing to slander, their title. They did not set forth their title, and did not say how · long their possession had lasted. The slander was alleged to consist in that the property had been inventoried as belonging to the defendant succession. Damages were prayed against the succession and against Frank Zengel, its administrator, individually.

The individual responsibility of the administrator was alleged to have resulted from the fact that it was he who had caused the property to be inventoried, and that he had done so maliciously, well knowing that plaintiffs were the owners of it. The prayer of the petition was that the defendants "be ordered to establish their said pretensions of ownership, and that, in default thereof, petitioners have judgment perpetually enjoining said defendants from disturbing them in their said possession of said property, and for $2,100 damages."

Defendants excepted on the grounds:

(1) No cause of action.
(2) "Plaintiffs are not in possession of the property described in their petition, nor have they been in such possession for the twelve months next preceding the institution of their suit, and therefore they have no right to resort to an action in slander of title."

It is observed that this exception does not address itself to the want of allegation of possession, but to the want of possession in fact, by plaintiffs, so that it would seem to have been, not an exception, but an answer to the merits. It was, however, dealt with as an exception to the sufficiency of the allegations. The court ruled on it as follows:

"It is ordered that the exception of no cause of action be maintained to the extent only of ordering plaintiffs to amend their petition by setting forth the nature of their possession as well as their title to the property in controversy and that the other exception of defendant be overruled without prejudice to urge same hereafter."

Thereupon the plaintiffs filed a supplemental petition. They set forth their title, and alleged that their possession · had been by virtue of same, and had lasted for more than one year. They repeated, in the same words, the prayer of their original petition.

In this supplemental petition they included property not embraced in the original petition; and this additional property was alleged to be held by one of the plaintiffs in severalty, in which respect it differed from

that included in the original petition, which was alleged to be held by the plaintiffs jointly.

Defendants prayed oyer of the titles thus alleged, and also that the plaintiffs be required to file a plat showing that the property claimed by them, which they described as land subdivided into streets and squares, was the same property as that inventoried in the succession of Naylor, which was described merely by boundaries, as an ordinary tract of land.

The court made an order granting the prayer for oyer, but subsequently revoked this order, for the reason that, the suit being in slander of title, and as such founded, not on title, but on mere possession, the defendants had no right to demand the oyer of plaintiffs' titles.

The defendants then pleaded to the jurisdiction of the court ratione materiæ et personæ, and also filed the following exceptions:

First. That the petition fails to state the nature of plaintiffs' possession; fails to give the date of its commencement; fails to state any actual possession, or the date thereof; fails to set out the date of any registry of title in the conveyance office as a basis of civil possession.

Second. That the amended petition includes property not included in the original petition; and same should be stricken out.

Third. The two petitions together fail to show a cause of action.

Fourth. Misjoinder of parties plaintiff; the plaintiffs having no common interest, especially as to the additional property claimed by Watts alone.

Fifth. Misjoinder of parties defendant, Frank Zengel, individually, having no common interest with Frank Zengel, curator; the only party in interest being the succession of Naylor, whereof, moreover, Frank Zengel is not the curator, but the administrator.

Sixth. No cause of action, for the reason that the property claimed by plaintiffs is not identified by description as being the same as that claimed by defendants; the plaintiffs' property being described as subdivided into squares and streets, and that of defendants as an ordinary tract of land.

Later defendants filed the following exception:

"Now come defendants and except to plaintiffs' petition on the ground that plaintiffs are estopped from bringing this suit by reason of their having instituted two petitory actions against defendants for the same property, first, in the estate of John C. Naylor, No. 74,400, in this court, and, second, by their opposition to defendants' appointment as curator or administrator in the succession of John C. Naylor, No. 483, district court, parish of Ascension, all afterwards dismissed."

All the exceptions were tried together. On the trial the defendants offered in evidence the records of the two proceedings referred to in the last above-mentioned exception.

The learned judge a quo overruled the plea to the jurisdiction and the plea of estoppel, and, as to the succession of Naylor, the plea of no cause of action, and sustained the plea of misjoinder of plaintiffs, and also that of no cause of action as to Zengel individually. He rendered judgment of nonsuit as to the estate of Naylor, and of dismissal as against Zengel individually.

The appeal has been taken by plaintiffs.

In this court defendants filed an answer to the appeal, asking that those of the exceptions which the lower court overruled be sustained, and that, instead of a nonsuit as to the estate of Naylor, there be a final dismissal.

This motion to strike out is the first matter calling for our attention. We find that the case was fixed for argument for the 30th of January, 1906; that six days before that date, namely, on the 24th day of January, the counsel for plaintiffs and appellants wrote to the counsel for defendants and ap-

pellees, proposing a reassignment, and that the counsel for defendants and appellees consented, and that on the 30th of January a written memorandum to that effect was executed; that the case was thereupon reassigned for May, 1906; and that the appellees filed the answer in question on March 12, 1906.

The ground of the motion to strike out is that the answer was filed too late; the Code Prac. art. 890, requiring that the answer to an appeal should be filed at least three days before the day fixed for argument.

In the case of Des Allemands Lumber Company v. Morgan City Timber Company ante, p. 1, 41 South. 332, it was held that, where before the expiration of the day for answering the assignment is agreed to be set aside, the time for answering will be computed with reference to the subsequent assignment. The answer was therefore in time, and the motion to strike out must be denied.

Coming to the discussion of the case, the first thing in regular order is the prayer for oyer.

Defendants could have the right to oyer of plaintiffs' title only if plaintiffs were basing their suit upon title. But they are not. The suit is distinctively in slander of title, which is an action based on mere possession, and not on title. True, the plaintiffs alleged title in their supplemental petition; but they did so by order of court; and, moreover, they guardedly made their prayer the same, word for word, as that of the original petition, and the character of a petition is determined by its prayer. Hennen, p. 1149.

The law upon the subject of the action in slander of title is lucidly and authoritatively stated in the case of Dalton v. Wickliffe, 35 La. Ann. 355, Justice Fenner, organ of the court, as follows:

"Though not specifically regulated by our Codes, the nature, objects, and requisites of the action of slander of title have been fully settled by our jurisprudence.

" 'The object of the action,' said Judge Porter, 'is to protect possession, to give it the same advantages when disturbed by slander as by actual intrusion, to force the defamer to bring suit, and to throw the burthen on him of proving what he asserted.'

"The action admits of three responses: (1) a denial of plaintiffs' possession; (2) a denial of the slander; (3) an admission of the slander. In the last case if he simply admits the slander, without setting up specific title in himself, the appropriate judgment is one ordering him to bring suit and establish his pretensions.

"But, if the defendant, after admitting the slander, avers a better title in himself, the court need not order a new suit, but may investigate and pass upon his title, in which case he assumes the position of actor, with the onus on himself, and dependent for success on the strength of his own title, and not on the weakness of his adversary's."

Thus it is seen that until defendant has answered and set up title, and thereby instituted a petitory action against the plaintiff, the suit in slander of title can involve only one of two issues—possession, vel non, by plaintiffs; slander, vel non, by defendants —and surely on neither of these issues a defendant could demand oyer of plaintiffs' title. The defendants in this case have not yet answered. Non constat they will not restrict their defense to a denial of plaintiffs' possession, or of the slander. If they do not, but set up title and thereby institute the petitory action against plaintiffs, they will continue to be without any right to oyer of plaintiffs' title, for they will then be plaintiffs, and the plaintiffs will be defendants, and it is the defendant, and not the plaintiff, who may demand oyer of his adversary's title. The object of oyer being to enable the defendant to prepare his defense (Graves v. Hemken, 12 Rob. 103), it is clear that the plaintiff in a petitory action cannot demand oyer of the defendant's title. More especially, he cannot do so in advance of filing his petitory action.

Defendants' learned counsel cite the above decision of Dalton v. Wickliffe, and the decisions of the Supreme Court of the United States in the cases of Frost v. Spitley, 121

U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010, and Dick v. Foraker, 155 U. S. 404, 15 Sup. Ct. 124, 39 L. Ed. 201. ·

We do not see what comfort defendants can derive from these cases. In Dalton v. Wickliffe, the syllabus is to the effect that, "in an action of slander of title, the verity and sufficiency of plaintiff's title is not at issue." The question in the case was whether the lower court had acted properly in referring to the merits a so-called exception denying that plaintiffs were in possession as alleged in the petition. The court held the ruling to have been correct, for the reason that the denial of plaintiffs' possession was a defense on the merits. The court added that, if plaintiff had failed to allege possession, the failure to make that allegation would have been matter for exception; but that a denial of plaintiff's possession was a joining of issue on the merits. We see nothing in this to sustain defendants' contention that the defendant in a suit in slander of title has the right to demand oyer of plaintiff's title.

The cases cited from the Supreme Court of the United States are not in point. Frost v. Spitley was a suit to remove a cloud upon title. The court said that:

"Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title."

Manifestly this doctrine has no application whatever to a suit in slander of title under our law, which admittedly is an action founded exclusively on possession, and in which, as said by the syllabus of the Dalton Case, supra, "the plaintiff's title is not at issue."

Dick v. Foraker, like Frost v. Spitley, was a suit in equity to remove a cloud on title. The only difference between it and Frost v. Spitley was that in it, owing to a statute of the state where it arose, possession was held not to be necessary to support a suit for the removal of a cloud upon title.

Next in order is the plea to the jurisdiction.

This suit has been brought in the parish. of Orleans. The succession of Naylor has. been opened and is pending in the parish of Ascension. The defendant Frank Zengel is a resident of the parish of Orleans. Under these circumstances, defendants contend that. the suit should have been brought in the parish of Ascension, because a succession can only be sued before the court in which it is pending (article 164, Code Prac.), and the administrator of a succession can only be sued in the court which has appointed him; citing Gallier v. Walsh, 1 Rob. 226; Clement v. Story, 4 La. Ann. 371; Vignaud v. Tonnacourt's Curator, 12 Mart. (O. S.) 229; Sanders v. Highland's Curatrix, 2 Mart. (N. S.) 238, and a large number of other cases.

Plaintiffs, on the other hand, contend that. the suit in slander of title is one in revendication of real estate, and therefore is an exception to the above rule, and may be brought in the parish where the property is situated, which, in this case, is the parish of Orleans.

We find that there are in this suit two actions, one in slander of title, and one in damages, and that they are distinct and separate actions, although founded upon the same acts.

The action of slander of title is a form of the possessory action. Dalton v. Wickliffe, supra; Cross on Pleading, No. 262. In all its forms the possessory action is an action in revendication, for it has for its object the assertion of rights to real estate. It involves real estate. This suit, in so far as concerns the action of slander of title, was, therefore, properly brought in the parish of Orleans, where the property is situated.

But the succession of Naylor could not be sued in damages in another court than that.

in which it is being administered. Authorities cited, supra, by defendants' counsel.

On the other hand, Frank Zengel, individually, who is a resident of the parish of Orleans, could not have been sued in the parish of Ascension for the damages which are claimed of him in this suit. What is demanded against him is purely and simply a personal money judgment. He is not being sued officially, as the representative of the succession, but individually.

The exception must, therefore, be sustained for the moneyed demand against the succession, but in all other respects overruled.

The next exception in regular order is that the amended petition fails to comply with the order of court requiring plaintiffs to amend their petition so as to set out the nature of their title and possession; that it fails to set out the nature of the possession which plaintiffs claim to exercise, fails to give the date at which such possession began, fails to set out the registry of any title in the conveyance office of this parish as a basis of civil possession, or any act of actual possession or date thereof.

We brush aside, as not to the purpose, everything in this exception bearing upon title. We repeat, title is, as yet, not involved in this suit, and until it does come into the suit, by defendants' filing a reconventional demand setting up title, the only possible issues are as to possession by plaintiffs and slander by defendants.

The only question, therefore, needing to be considered under this exception is whether plaintiffs have alleged possession. We think they have. Their allegation in that regard is ample. It is to the effect that their authors acquired the property in 1836 from the de cujus Naylor by authentic act, and immediately entered into the actual possession of same, and that they, the petitioners, and their predecessors in title, have been in the actual possession ever since.

Next comes the exception that "the amended petition seeks to include in the suit property not embraced in the original petition, which they have no right to include in this suit, and it should be stricken therefrom."

This exception is well taken. This additional property, thus sought to be brought into the suit, is held in severalty by one of the plaintiffs, and therefore as to it there is no community of interest between the plaintiffs. If the owner of it has a cause of action against the defendants, it is a distinct, separate cause of action, in which his co-petitioners have no interest. The action with reference to it is a distinct separate action, just as much so as if it were founded on a promissory note owned by one of the plaintiffs, or on a breach of promise of marriage in which only one of the plaintiffs was involved. The owners of separate tracts of land have no better right to join in one suit their several possessory actions or actions in slander of title than their several actions on promissory notes, or breaches of promise of marriage.

The learned counsel for plaintiffs argue that, as appears by the allegations of the supplemental petition, the titles to both tracts of land have the same origin, namely, the sale by the de cujus Naylor to the authors of plaintiffs in 1836; that the real and sole matter at issue in this suit, as including both properties, is whether Naylor in 1836 sold the property to the authors of plaintiffs; and that under these circumstances, in order to avoid a multiplicity of suits, it is proper to bring this additional property into the suit, and thereby settle the controversy as to both properties by one suit.

The fallacy of this argument lies in the assumption that this suit turns upon the existence or validity of the alleged sale by the de cujus Naylor to the authors of plaintiffs in 1836; but it as yet does not, and, for all the court knows, may never. Thus far the defendants have not set up title to the property, and therefore the only issues

in the suit thus far are whether the plaintiffs are in possession as owners and have been for a year and a day, and whether the defendants have committed the alleged slander. The suit, thus far, is purely in vindication of the possession alleged to be held by the plaintiffs, just as would have been the case if, instead of impugning the possession of the plaintiffs by slander, the defendants had impugned it by trespass. If, instead of an action in slander of title, the original petition had set forth a possessory action for this property held in indivision, the plaintiffs would hardly have claimed the right to institute, by supplemental petition, a possessory action for this other property held in severalty by one of them.

But the penalty for improperly attempting to ingraft a separate and disconnected suit upon the pending suit is not the dismissal of the pending suit, but the rejection of the suit improperly sought to be ingrafted. "Utile per inutile non vitiatur."

The next question, in order, is that of no cause of action.

The petition alleges that plaintiffs have been in the actual possession of the property for more than one year as owners, and that defendants have slandered their title; and it sets forth specifically the acts of slander. Hence it shows a cause of action.

The action, as against the administrator individually, is founded on his having acted maliciously in causing this property to be inventoried as belonging to the succession of Naylor, when he well knew that it did not belong to that succession, but to plaintiffs. Manifestly this sets forth a cause of action. If the property did not belong to the succession of Naylor, the defendant had no right to cause it to be inventoried as such; and if his act, in so doing, caused plaintiffs a loss, and he acted maliciously, he is certainly liable for the loss. We hardly think this proposition needs elaboration.

Next, as to the misjoinder of parties plaintiff.

The property described in the original petition is alleged to be held by the plaintiffs in indivision. As to this property thus held in indivision, there is clearly no misjoinder of parties plaintiff. It is clear that the joint owners or possessors of a tract of land have a common interest in vindicating their right to it.

Next, as to the misjoinder of parties defendant.

The contention of defendants is that the tort in question could not be joint, and that therefore there is a misjoinder of parties defendant.

This contention is not elaborated by defendants' learned counsel, and we assume is not pressed. It has no merit. The liability alleged against the two defendants grows out of one and the same act. Hence they may be sued jointly, if at all.

The sixth exception is to the effect that plaintiffs' petition does not so describe the property as to show that it is the same which is inventoried in the succession of Naylor.

The property of plaintiffs is described by the numbers of the squares and the four streets bounding the squares, according, as we understand, to the official map of the city of New Orleans. No greater particularity of description could be called for. In fact, we do not see how it could be desired. If, on the trial, plaintiffs do not show that the property thus described is the same as that described in the inventory of the succession of Naylor, they will fail to prove that their title has been slandered. In other words, the proper place and time for identifying the property is not now, but when plaintiffs come to prove up their case.

The last of the exceptions is that of estoppel.

The succession of Naylor was opened the first time in New Orleans, and a second time in Ascension parish. Both times the property

in litigation was inventoried as belonging to it. Both times plaintiffs filed oppositions. The plea of estoppel is founded upon these oppositions. The contention is that these oppositions were petitory actions, and that, having once brought the petitory action, the plaintiffs cannot now have recourse to the present action, which is, in its nature, possessory.

The answer is that the oppositions in question were not petitory actions. The petitory action is brought by the party out of possession against the party in possession. Code Prac. arts. 43, 54; Gilmore v. Schenck (La.) 39 South. 40, 43;[1] Wilbert v. Michel, 42 La. Ann. 855, 8 South. 607. The reason why the possessory cannot be brought after the petitory action is that the latter admits the possession of the adversary, and that, after the plaintiff has admitted judicially the possession of his adversary, he can no longer be permitted to institute the possessory action, which is founded on possession alone. Now, in these oppositions, far from alleging or admitting that the succession of Naylor was in possession of the property in controversy, the plaintiffs expressly alleged that they were, and had theretofore been, in "the peaceable and public, continuous uninterrupted and unequivocal possession of the property."

There is no ground, therefore, for estoppel, and the plea was properly overruled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and it is now ordered, adjudged, and decreed that the prayer for oyer be denied; that all the exceptions of defendants be overruled, except that the plea to the jurisdiction, in so far as concerns the demand against the succession of Naylor for damages, be sustained and to that extent the plaintiffs' suit be dismissed as in case of nonsuit, and except; further, that the supplemental petition be ordered to be amended so as to strike therefrom the allegations having reference to property held in severalty by the plaintiff Watts and not included in the original petition; and that the case be remanded to be proceeded with according to law, defendants to pay costs of appeal, other costs to abide final decision.