PROYOSTY, J.
In proceedings for the settlement of the succession of .the father of plaintiff, certain real estate was sold, and was adjudicated to a person acting for plaintiff and his coheirs, and thereafter was partitioned among these heirs. In a suit brought by plaintiff and his brother and sister against his half brothers and sisters and others to recover' this partitioned property, the said succession sale and partition were sought to be ignored as if absolute nullities. The court dismissed the suit, but reserved the right to plaintiff and his brother and sister to bring a direct action to set aside said sale and partition. .See Meyers v. Meyers, 139 La. 758, 72 South. 218. The present suit is the direct action in question. It is brought only by plaintiff; his brother and sister having concluded to ratify the partition. It is here on appeal by plaintiff; and motion is made to *175 dismiss the appeal on the ground that plaintiff has acquiesced in the judgment, he having, since the appeal was taken, gone into possession of the land allotted to him in the partition, built a residence thereon, and leased a portion for development for oil and gas. These facts are brought to the attention of this court by the affidavit of the defendant and appellee, and appear not to be controverted by plaintiff and appellant.
We think they amount to an acquiescence, for by his said acts the plaintiff has chosen to deal with said land as being owned and held by him in severalty, and it could be so held by him only by virtue -of said partition, and of the said judgment recognizing its validity.
Appeal dismissed.
O’NIELL, X,
is of the opinion that the case should be remanded for proof of the alleged acquiescence in the judgment appealed from.