**(139 So. 10)**

## RATCLIFF v. LEVIN.

No. 30244.

Jan. 4, 1932.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

BRUNOT, J.

The plaintiff filed two suits against the defendant. Both suits grew out of the same subject-matter. One suit is for $350, the balance due on a promissory note for $500, and the other is for specific performance of a contract to buy from the plaintiff 8,000 acres of land, more or less, situated in Grant parish, La.; or, in the alternative, for a judgment forfeiting the contract, and for damages, with interest thereon, etc.

The price of the land was $24,000, of which sum $8,000 was to be paid in cash. Before the deed to the land was executed, the plaintiff, in lieu of the stipulated cash payment, accepted the defendant's promissory note for $500 and a deed to certain property in Shreveport, at a valuation of $7,500.

The two suits were consolidated for the purposes of the trial, and were tried by a jury. In the suit upon the note, the jury returned a verdict in favor of the defendant, but assessed the defendant with the costs of the suit. In the suit for specific performance, the jury returned a verdict forfeiting the contract, but awarding the plaintiff, upon his alternative demand, $3,500 as damages. The defendant perfected appeals from both judgments.

Before the trial the plaintiff, in the suit upon the note, tendered the defendant the note and the sum of the partial payments made thereon; and, in the suit for specific performance, he tendered the defendant the deed to the property which had been conveyed to the plaintiff as a part of the consideration of the purchase price of the land. These tenders were refused.

Pending a hearing of defendant's appeals to this court, it is shown, by an authenticated copy of an act of mortgage passed before Marie T. Hassler, notary public, on October 20, 1931, that he executed a mortgage upon the Shreveport property, the tender of the deed to which he had refused before the trial of the case, and he also executed a chattel mortgage upon all of his right, title, and interest in the suit for specific performance, in which suit he reconvened and prayed for

damages, in reconvention, in the sum of $74,915.

■ The appellee has moved to dismiss the appeals. He assigns no reason for dismissing the appeal from the judgment in the suit upon the promissory note, but we must necessarily dismiss that appeal for want of jurisdiction. The suit was for less than $500. In suits of this character the minimum jurisdiction of this court is $2,000, exclusive of interest. As to the other appeal appellee contends that, by executing the mortgages mentioned supra, appellant has acquiesced in the judgment appealed from, or has accepted a benefit decreed by the judgment and has, for that reason, forfeited his right of appeal therefrom.

■ Inasmuch as appellee has attached to his motion to dismiss the appeal a properly authenticated copy of the mortgage relied upon, it would serve no purpose, in this matter, to remand the case. Appellant, by this mortgage, has accepted the benefit of the judgment decreeing him entitled to a restoration of his ownership of the Shreveport property deeded by him as a part of the purchase price of the Grant Parish lands, and, as respects his appeal from that part of the judgment, he has thereby forfeited his right of appeal therefrom. Flowers v. Hughes, 46 La. Ann. 436, 15 So. 14; Rouge v. Lafargue Bros. Co., Ltd., 49 La. Ann. 998, 22 So. 190; Crusel v. Brooks, 133 La. 477, 63 So. 114; Myers v. Myers, 148 La. 174, 86 So. 727.

■ As to the judgment decreeing an award of damages to the plaintiff, the defendant's mortgage of the Shreveport property and of his right, title, and interest in the suit for specific performance, or to forfeit the contract and for damages, is not, in any sense, an acquiescence in the judgment awarding the plaintiff damages against him. The judgment is divisible and the authorities cited by mover do not apply.

For the reasons stated, the motion to dismiss the appeal is sustained in all respects except as to appellant's appeal from that part of the judgment awarding damages against him, and as to that part of the judgment, the motion to dismiss is overruled. The costs of this court to abide the final decree herein.

O'NIELL, C. J., is of the opinion that the appeal from the judgment for costs, in the suit for the balance of $350 due on the promissory note of $500, should be transferred to the Court of Appeal, and that the motion to dismiss the appeal from the other judgment should be overruled.