## RILEY v. KAEMPFER.

### No. 5495.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1937.

Rehearing Denied July 19, 1937.

E. W. & P. N. Browne, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

HAMITER, Judge.

In the original petition of this jactitation action plaintiff alleges that she is the true and lawful owner and has been and is now in the actual physical possession of a described tract of land located in Caddo parish, La., and containing 159.80 acres; that her actual possession of said property as owner has been continuous, uninterrupted, public, and unequivocable for a period of more than thirty years; and that the defendants, Mrs. Sarah Kaempfer, Herman Brown, and J. C. Simon, are slandering her title by claiming ownership thereof and by having caused to be placed of record in the conveyance records of Caddo parish, La., certain instruments affecting it.

Plaintiff prayed that the defendants be ordered to disclaim title to the property or to assert such rights as they might have therein, and after due proceedings that she have judgment canceling the inscriptions of defendants' pretended titles.

The allegations regarding possession were later amplified through a supplemental petition filed pursuant to a decree of the trial court sustaining an exception of vagueness.

Thereafter, defendants Brown and Mrs. Kaempfer obtained an order, on tendering an appropriate motion, authorizing the restriction of their answer to the sole issue of possession. The answer was then filed. In it they denied the allegations of possession made by plaintiff, and averred that by reason of said order they were not required to either admit or deny her allegations regarding ownership.

Numerous proceedings were subsequently had in the case, some of which are immaterial for the purpose of this discussion. It might be mentioned, however, that the evidence adduced on the trial related solely to the issue of plaintiff's possession, and that a voluntary dismissal of the suit was entered against defendants Brown and Simon.

On February 23, 1937, judgment was granted in plaintiff's favor and against Mrs. Kaempfer ordering her to either disclaim any title whatsoever to a specifically described 7.08 acres of the aforementioned tract of land, "or to institute a suit against the plaintiff in revindication of any right she may have within sixty days after this judgment shall become final, and in default of such suit being instituted within the time fixed, that the said Mrs. Sarah Kaempfer be thereafter forever barred from setting up any claims, rights or privileges to, on or against the above described property."

Plaintiff's demands as to the remainder of the property were rejected.

An appeal from the judgment was perfected by defendant Mrs. Kaempfer.

In this court, appellee has filed a motion to dismiss the appeal on the ground that appellant has acquiesced in the judgment by instituting the suggested suit. Attached to the motion is a certified copy of the petition, and a like copy of a citation addressed to Mrs. Algah Lockhart Riley, in cause No. 2827 at law on the docket of the district court of the United States of America, Western District of Louisiana, entitled Mrs. Sarah Kaempfer v. Mrs. Frank Zeller, Frank Zeller, and Mrs. Algah Lockhart Riley. In that petition, which was filed April 22, 1937, Mrs. Kaempfer alleges that she is the true and lawful owner of the 7.08 acres of land described in the judgment herein appealed from, avers in detail title under which she claims, and further alleges that Frank Zeller and Mrs. Zeller have the actual physical possession of the property and Mrs. Riley claims the ownership thereof by reason of a purported possession. She prays for judgment against all of those defendants, "recognizing petitioner as the true and lawful owner of said property, and, as such, entitled to the full and undisturbed possession thereof, and ordering all of said defendants to deliver the possession of said property to petitioner."

The motion to dismiss is, in our opinion, meritorious. As counsel for appellee point out, the judgment of the trial court ordered appellant to either disclaim title to the property or to institute a suit against the plaintiff asserting title. This judgment was wholly acquiesced in and complied with when appellant filed the aforementioned proceeding, which may be termed a petitory action, against appellee and others in the federal court.

Justification for the pendency of the two proceedings is sought to be made by appel-

lant's counsel on the theory that the instant case is a form of a possessory action and that according to the laws of Louisiana the filing of a petitory action does not affect a pending possessory action.

A possessory action is the remedy afforded a possessor of real estate, or of a real right therein, to be maintained in the possession of that property when he has been disturbed, or restored to it when an eviction has occurred. Code of Practice, arts. 6 and 46. It is available only when there has been a real disturbance either in fact or in law. Code of Practice, art. 49.

"Disturbance in fact occurs when one, by any act, prevents the possessor of a real estate, or of a right growing from such an estate, from enjoying the same quietly, or throws any obstacle in the way of that enjoyment, or evicts him through violence, or otherwise." Article 51, Code of Practice.

"Disturbance in law takes place when one, pretending to be the possessor of a real estate, says that he is disturbed by the real possessor, and brings against the latter the possessory action; for in such a case the true possessor is disturbed by this action, and may also bring a possessory action, in order to be quieted in his possession. But in no case shall the mere demand in revindication of a real estate, or of a real right, be considered as a disturbance in the enjoyment of a possessor, and entitle him to bring a possessory action." Article 52, Code of Practice.

It thus may be seen from the discussed provisions of our adjective law that the purpose of a possessory action is to protect possession from an actual disturbance or intrusion. A judgment in that action in favor of the possessor orders a cessation on the part of the defendant of further actual disturbance; and there is an acquiescence therein when the disturber ceases his complained of activities.

A jactitation or slander of title action is a creature of our jurisprudence. It is not provided for in the codal or statutory laws of this state. Like the possessory action, its purpose is to protect possession; but it differs therefrom in that it affords relief from a constructive disturbance, such as a slander of the possessor's title. The slanderer is forced through this action to either disclaim title or to prove what he asserts in the same proceeding or in a separate suit. Williams' Heirs v. Zengel, 117 La. 599, 42 So. 153.

Where plaintiff in a jactitation action has established the required possession and the slanderer has disclaimed title, said plaintiff is entitled to a decree protecting his possession from a recurrence of the disturbance by that defendant. If, however, there is no disclaimer made, and the defendant does not assert title in himself, the proper judgment is one ordering the slanderer to institute suit against the possessor, within a reasonable time fixed by the court, in revindication of his rights, and in default of such suit being instituted within the time designated, he shall be thereafter forever barred from setting up any claim to the property. Siegel v. Helis, 186 La. 506, 172 So. 768. If and when the ordered suit is filed, the judgment, in our opinion, becomes fully satisfied.

Should the slanderer set up title in himself, he then converts the proceedings into a petitory action, and the burden of making proof of his claim is imposed on him. Gay v. Ellis, 33 La.Ann. 249; Dalton v. Wickliffe, 35 La.Ann. 355; Rudd v. Land Co. (La.App.) 172 So. 804.

The following quotation from the case of Patterson v. Landru, 112 La. 1069, 1074, 36 So. 857, 858, relates to a jactitation action and is quoted approvingly in Siegel v. Helis, supra:

"The action of slander of title is not one of the actions provided for in the Code. It is the child of necessity. Without it the owner in possession would be helpless against the slanders of his title. Being in possession, he could not bring the petitory action; and, his possession being undisturbed, he could not bring the possessory action."

In support of the contention that this proceeding has not been affected by the federal court suit, appellant's counsel direct our attention to article 55 of the Code of Practice, and also to the case of Bell v. Saunders, 139 La. 1037, 72 So. 727, and earlier decisions of the Supreme Court. The mentioned article of the Code of Practice reads:

"Petitory and possessory actions shall not be cumulated or joined together except by consent of parties. But he who is sued in a possessory action may bring a petitory action for, or an action to establish title to, all or any part of the property involved in the possessory action, without in any way affecting the pending possessory action, provided that if judgment be rendered in

the petitory action in favor of plaintiff, the pending possessory action shall abate."

The cited decisions hold that an action in jactitation is governed by the rules prescribed by the Code of Practice for possessory actions.

The quoted codal provision and the holdings of the Supreme Court just referred to appear on their face to sustain counsel's contention. But another factor must be considered. The Bell Case was decided in the year 1916, and the others prior thereto. Article 55 of the Code of Practice provided at that time that:

"Petitory and possessory actions shall not be cumulated and joined together, except by consent of parties.

"Therefore, he who is sued in a possessory action, can not bring a petitory action, until after judgment shall have been rendered in the possessory action, and until, if he' has been condemned, he shall have satisfied the judgment given against him."

This article was amended by the Louisiana Legislature in the year 1920, to read as first above quoted. We feel certain that the Supreme Court would not have held in the Bell Case that the action in jactitation was governed by all of the rules of the Code of Practice applicable to the possessory action if the amendment had been in existence when that decision was rendered.

The early jurisprudence of this state furnishes authority for our holding in this cause. We refer to the case of Van Wych v. Gaines, 13 La.Ann. 235, which, according to our research, has not been overruled or modified. In that jactitation suit defendant pleaded, by way of an exception, that previous to its filing she had commenced a petitory action against plaintiff in the federal court which involved the same subject matter and was then pending. In sustaining the exception, the court said:

"The action of jactitation of title has for its object the repose of titles. It is brought by the possessor only. Its tendency is to force the party not in possession, who yet asserts a right out of court, to come into court and disclaim or assert the right judicially. That end is attained whenever the party accused of slandering the possessor's title brings suit to test the title before a competent court, when that is done, there is no pretence to say there is a slander of title. And it is not for the defendant in all cases to choose his forum. If the United States Court has jurisdiction, the party in possession sued there, cannot come into a State court of concurrent jurisdiction, and by an action of jactitation compel his adversary to sue him in the state court also for the same cause of action."

It is unnecessary for us to remand the case for the purpose of receiving evidence regarding the federal court suit. As before stated, there is attached to the motion to dismiss copies of the petition and citation in that proceeding, duly certified under the signature and seal of the clerk of said court. Ratcliff v. Levin, 173 La. 931, 139 So. 10. Furthermore, appellant's counsel neither deny the institution of the suit nor question the authenticity of the documents referred to.

For the reasons above assigned, the appeal is dismissed at appellant's cost.