### NICHOLSON et al. v. SELLWOOD et al.
### No. 5906.

Court of Appeal of Louisiana.
Second Circuit.
March 31, 1939.

C. J. Bolin, J. P. D'Artois, and R. L. Benoit, all of Shreveport, and Cecil Campbell, of Minden, for appellant.

R. D. Watkins, of Minden, for appellee.

DREW, Judge.

Plaintiff brought this suit against J. G. Sellwood, a non-resident, seeking to have cancelled an oil, gas and mineral lease on 20 acres of land owned and possessed by plaintiff, because of the failure of the said Sellwood to timely pay rentals provided for by the terms of the lease in order to extend the time within which drilling operations might be commenced.

The Ohio Oil Company was made a party defendant for the reason that it owned a portion of the minerals under the land on which Sellwood held a lease.

Defendant Sellwood appeared through a curator ad hoc and filed pleas to the jurisdiction ratione personae and ratione materiae.

The Ohio Oil Company filed a plea to the jurisdiction ratione personae.

The pleas to the jurisdiction ratione personae filed by both defendants were sustained and the plea to the jurisdiction ratione materiae filed by Sellwood was overruled.

The Ohio Oil Company made no further appearance and judgment by default was confirmed against it. It has not appealed and therefore passes from this case.

Defendant Sellwood answered and, after trial had, judgment was rendered in favor of plaintiff, ordering the cancellation of the lease to Sellwood.

From this judgment Sellwood perfected an appeal; however, no brief or argument has been presented here by the curator ad hoc or anyone else in his behalf.

■ The evidence adduced on the trial below clearly established plaintiff's right to have the lease cancelled for the failure of lessee to pay the rentals stipulated in the lease on or before the time fixed therein.

Therefore, the only question which requires any discussion is the plea to the jurisdiction ratione materiae.

■ Defendant contends that an oil and gas lease is a personal right; therefore, defendant could not be sued to cancel such a lease at any place other than his domicile, which is not in Louisiana, and relies upon the cases of Gulf Refining Company v. Glassell, 186 La. 190, 171 So. 846, and Louisiana Oil Refining Corporation v. Gandy et al., 168 La. 37, 121 So. 183. However, we have recently passed on a plea to the jurisdiction ratione materiae in a case similar in all respects to the one at bar, viz., H. M. Payne v. T. Semmes Wamsley, La. App., 185 So. 88, wherein we said that under Act No. 205 of the Legislature of 1938, defining mineral leases as real rights and incorporeal immovables, suit to establish alleged interest in oil, gas and mineral lease was properly instituted in the parish in which affected land lay, rather than in the place where the defendant was domiciled, and the fact that this statute was enacted subsequent to the date of the lease and the filing of the suit, did not render the statute inapplicable, especially where it was retroactive by its own provisions.

■ There is, to our minds, another sound reason why the suit can be properly brought in the parish where the land is located. A suit to cancel from the record an oil and gas lease which has expired for failure of the lessee to pay rentals stipulated for therein, is in the nature of a slander of title suit, the purpose of which is to remove a cloud from the title to said land, which cloud is in the nature of a trespass and suit is properly brought in the parish where the property is situated. Labarre v. Burton-Swartz Cypress Company, 126 La. 982, 53 So. 113; Williams v. Zengel, 117 La. 599, 42 So. 153.

We therefore conclude that the plea to the jurisdiction ratione materiae was properly overruled and judgment of the lower court is affirmed, with costs.