### STATE ex rel. SHAVER v. MAYOR AND COUNCILMEN OF TOWN OF COUSHATTA.

#### No. 6086.

Court of Appeal of Louisiana. Second Circuit.

April 4, 1940.

Rehearing Denied May 3, 1940.

W. H. Wamsley, of Coushatta, for appellant.

H. W. Bethard, Jr., of Coushatta, for appellees.

HAMITER, Judge.

The Mayor and Councilmen of the Town of Coushatta, Louisiana, refused to issue to relator, H. B. Shaver, a building permit for the construction of a service station building on a lot of ground owned by him and located within the corporate limits of that municipality, and he resorted to this mandamus proceeding to compel its issuance. The desired relief was refused by the district court and he appealed.

The property of relator is on Carroll Street and lies between two residences constructed in the year 1937. On June 19, 1939, he made written application to the Mayor and Councilmen for the permit. This governing authority met on June 23, 1939, at which time it received a petition, signed by 32 owners of property bordering on Carroll Street, requesting the creation of a residential zone along that thoroughfare. After a discussion and consideration of the subject matter of the petition and application for permit, it voted to favor the creation of the suggested residential zone and instructed the city attorney to prepare the necessary resolution. On the same date the Mayor, through his attorney, informed relator that the permit would not be forthcoming.

The Mayor and Councilmen, on June 28, 1939, adopted Ordinance No. 4 of 1939, under which all property along Carroll Street within certain described limits, including that of relator, was declared to be in a residential district. The said ordinance also created a zoning commission; provided for the holding of a public hearing at a joint meeting of the governing authority and the zoning commission at ten o'clock A. M., on August 14, 1939, after the publishing of thirty days' notice; and recited that, "no building permit shall be issued authorizing the construction of a commercial or business building or buildings within said residential zone or district, as herein established, during the period of thirty days in which notice of the public meeting, herein provided for, is being given by publication."

This suit was instituted on the date of the adoption of said ordinance, viz., June 28, 1939; its trial occurred on July 10, 1939; and the judgment denying relator's demands was rendered July 24, 1939. Orders of appeal from the judgment were

granted on July 24, 1939, and the record was filed in this court on August 17, 1939.

The first objection urged by relator to said ordinance is that, "the municipality itself attempts to create the residential zone when, according to Section 6 of Act 240 of 1926, it was necessary for it to appoint a commission to recommend the boundaries of the various original districts and the appropriate regulations to be enforced therein;" and that, "such commission shall make a preliminary report and hold public hearings before submitting its final report to the legislative body."

Secondly, relator charges that, "the ordinance is not effective herein for the reason that it fails to comply with Section 4 of Act 240 of 1926, providing that no regulation or boundary shall become effective until after a public hearing 'in relation thereto, at which parties in interest and citizens have an opportunity to be heard. At least thirty days' notice of the time and place of such hearing shall be published in an official paper or paper of general circulation in such municipality."

In order for a municipality to effectively establish a zone or district and provide enforceable building regulations and restrictions therein, it is essential, as counsel for relator points out, that there be a compliance with the provisions of said Act 240 of 1926, relating to the appointment and functioning of a zoning commission and the holding of public hearings after the giving of notice. This was so stated in State ex rel. Holcombe v. City of Lake Charles et al., 175 La. 803, 144 So. 502.

On March 2, 1940, appellee filed in this court a motion to dismiss the appeal, alleging therein that, "the question presented by the appeal is now moot for the reason that the lot of ground on which the plaintiff sought to build a filling station is now situated within the limits of a residential zone established by due and proper ordinances and proceedings of the legislative body of the Town of Coushatta." Attached to the motion is a document purporting to be a copy of the minutes of a joint meeting of the Mayor and Councilmen and the zoning commission of the Town of Coushatta, held on August 14, 1939, duly certified by the secretary and under the seal of the town council. In view of the official character of such document, and as its authenticity and the contents thereof are not disputed or questioned by appellant, we are justified in now considering it. The remanding of the case to permit its introduction would serve no useful purpose. Riley v. Kaempfer, La.App., 175 So. 884; Ratcliff v. Levin, 173 La. 931, 139 So. 10.

The mentioned minutes recite the holding of a joint meeting and a public hearing on August 14, 1939, pursuant to the published notice of at least thirty days, at which no one appeared to protest the action of the governing authority in creating the residential district along Carroll street. It is also shown by such minutes that the following took place at the meeting: The zoning commission considered the fact that a petition had been filed by more than 75% of the property owners within the area sought to be zoned, and the fact that a number of new houses had recently been erected therein, and the further fact that the construction of a filling station within in that territory would increase fire hazards, raise insurance rates, and lessen the value of residential property there. The preliminary and final reports of the commission, made after the holding of public hearings, recommended the creation of the residential district. Thereupon, the governing authority passed a resolution readopting, and declaring effective in all of its parts and clauses, the above described Ordinance No. 4 that was adopted on June 28, 1939.

The record in the case, as supplemented by the document filed in this court, discloses that ultimately all of the requirements made by the cited statute for districting the area were met, and that said Ordinance No. 4 became effective on August 14, 1939. There was no operative ordinance, however, either at the time relator presented his application for the permit or when the proceedings in the trial court were concluded. Therefore, there is presented the question: Was said ordinance No. 4, after becoming effective, applicable to relator and his property?

Article 14, Section 29, of the Louisiana Constitution of 1921, provides that, "All municipalities are authorized to zone their territory; to create residential, commercial and industrial districts, and to prohibit the establishment of places of business in residential districts." The method for carrying into effect this constitutional authorization is provided by the aforementioned Act 240 of 1926, pursuant to which

the discussed Ordinance No. 4 of 1939 was adopted and readopted by defendant.

■ Zoning ordinances are within the police power of municipal corporations, and are not violative of any constitutional guaranty, either state or federal. Sampere v. City of New Orleans, 166 La. 776, 117 So. 827, affirmed 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; State ex rel. Dema Realty Co. v. McDonald et al., 168 La. 172, 121 So. 613. In adopting the ordinance under consideration on June 28, 1939, the governing authority of the Town of Coushatta saw fit to and did provide against the issuance of a permit; during the mentioned thirty-day notice period, for the construction of any commercial building within the established residential district. This was a reasonable and warranted exercise of its police power, we think, and particularly so in view of the announced contemplated erection by relator, in a wholly residential area, of a building to be used in housing and selling inflammable oils and gasoline. As correctly stated by respondent's counsel, the erection and operation of a service station there "will create a fire hazard that will menace the personal safety of the residents of the area, reduce the values of the homes within the area by making them undesirable places of residence, and will increase the cost of maintaining a home within the area by enhancing fire insurance premiums." Also, it may be observed that property is held subject to the police power of the political subdivision in which it lies, and the owner acquires no vested right to a building permit by the filing of an application therefor.

Immediately following the expiration of the required thirty-day notice period, the other statutory essentialities were complied with as before shown; whereupon Ordinance No. 4 of 1939 of the Town of Coushatta became operative with retroactive effect.

The relator in the case of State ex rel. Manheim v. Harrison, 164 La. 564, 114 So. 159, 163, sought mandamus to compel the issuance of a building permit for the erection of a service station in the City of Shreveport. One of her contentions was "that her right to the permit should be determined by the conditions existing at the time the permit was applied for and the suit filed, without reference to an ordinance introduced and adopted thereafter." The court's holding with reference to such contention, which we think is pertinent to and decisive of the issue of the instant controversy, was expressed as follows:

"The ordinance, now before us, is sufficiently broad in its terms to prohibit the issuance of the permit here prayed for. The question is whether the council had a right to prohibit the issuance of permits previously applied for, though not granted, such as the permit in this case. We think that the council had such right. Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of such application which would prohibit the issuance of the permit. Thus, in Spector v. Building Inspector of Milton, supra (250 Mass. 63, 145 N.E. 265), it was said:

" 'The fact that the petitioner filed his application for a permit before the zoning by-law was enacted is no reason why it should not be held applicable to him from and after it became operative. The petitioner held his property subject at all times to every valid exercise of the police power. The filing of his application gave him no vested rights. (Citing) Salem v. Maynes, 123 Mass. 372; Cherry v. Isbister, 201 App.Div. 856, 193 N.Y.S. 57, affirmed in 234 N.Y. 607, 138 N.E. 465; Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1102, 184 N.W. 823, 188 N.W. 921 (23 A.L.R. 1322); Ware v. Wichita, 113 Kan. 153, 214 P. 99.' "

Relator relies on State ex rel. Holcombe v. City of Lake Charles et al., cited supra. The ordinance attacked therein was held to be null and void because of the omission of the requirements of Section 4 of Act 240 of 1926. In the instant controversy, the ordinance was adopted, and rendered effective in due course of time, in strict conformity with those requirements and through the exercise of the municipality's police powers. Thus, we think that the two cases are distinguishable.

■ It is our belief that only a moot question is now presented by this appeal, in view of the retroactive and binding effect of the ordinance under consideration. Therefore, the appeal is dismissed.