ELLIS, Judge.
On March 14, 1962 thirty-four plaintiffs instituted this action in Ascension Parish against four defendants, seeking a money judgment in solido for $16,100.00 representing unpaid rental or royalty payments due plaintiffs under the terms of a recorded mineral lease affecting certain lands in that parish. The payments are allegedly due for the period May 6, 1959 to June 1, 1961. On this latter date written notice of cancellation was given in accordance with R.S. 30:102.
The defendants in this litigation are Ash-land Oil and Refining Company, a Kentucky corporation authorized to conduct business in this state; Temple Hargrove, a resident of St. Tammany Parish; Pietro Crespi, a resident of Memphis, Tennessee; and B. L. Woolley, a resident of Dallas. Texas.
Service was obtained as to Ashland Oil and Refining Company through the agent for the service of process, the C. T. Corporation of 420 Hibernia Building, New Orleans.
The record is barren of any service whatsoever on Temple Hargrove.
Substituted service was evidently effected as to Pietro Crespi and B. L. Woolley by the appointment of an attorney ad hoc to represent them, though the record does not disclose any acceptance of service by the attorney ad hoc or any citation served on him.
Nevertheless, exceptions of lack of jurisdiction over the person and of ’improper venue were filed on behalf of all four defendants. The learned trial judge sustained *335 the exceptions of venue and dismissed plaintiffs’ suit
Plaintiffs on appeal argue that this is a real action and, therefore, the district court in Ascension Parish has both jurisdiction and venue by virtue of the fact that the land on which the mineral lease was granted lies in Ascension Parish. With this we cannot agree. Plaintiffs’ action is clearly one for a money judgment and such a judgment cannot be rendered on substituted service; nor can a Louisiana resident be sued in a court of improper venue over their objection.
Article 3664 of the LSA-Code of Civil Procedure and LSA-R.S. 9:1105 do not permit the bringing of an action to enforce a personal obligation without regard for jurisdiction and venue.
In the case of Reagan v. Murphy, 235 La. 529, 105 So.2d 210, the majority of the Supreme Court, considering LSA-R.S. 9:1105, concluded that the statute was not intended to actually create a real right under a mineral lease, but simply to classify such rights as real rights so that persons claiming under such leases would have the benefits of the real property laws of this state without the necessity of making the owner of the land a party to the litigation. This intent is made clear by the following language of Article 3664:
“ * * * These rights may be asserted, protected, and defended in the same manner as the ownership or possession of immovable property, and without the concurrence, joinder or consent of the owner of the land.” (Emphasis supplied.)
The holdings from the Second Circuit in Nicholson v. Sellwood, La.App., 187 So. 837 and Payne v. Walmsley, La.App., 185 So. 88, do not alter our opinion as they are not in conflict with our holding here. In the Nicholson case, the plaintiffs sought to have a recorded mineral lease cancelled. The court concluded that the parish where the land affected was situated was the proper forum to hear the matter, finding that it was a real right under 1938 legislation and for the further reason that the suit to cancel a mineral lease was in the nature of a slander of title suit. The proper forum in such a proceeding would be the district court having jurisdiction over the parish in which the land in dispute was situated.
The Payne case involved plaintiffs seeking to establish their interest in certain recorded mineral leases.' Thus, it was necessary for the forum to adjudicate with reference to the title to recorded documents effecting the title to real estate. No personal money obligation was involved.
In the suit at bar, not only is the action one for a money judgment, but the lease allegedly giving rise to the real right was cancelled nine months prior to the institution of this suit.
No service has been obtained against Crespi or Woolley in this state and they are both non-residents of Louisiana. Therefore, as to those two defendants, the exceptions of lack of jurisdiction over the person should be maintained and the plaintiffs’ suit dismissed withoiit prejudice.
Proper jurisdiction and venue as to the two remaining defendants, assuming the correctness of plaintiff’s allegations, can be found in Louisiana.
Under the provisions of Articles 932 and 121 of the LSA-Code of Civil Procedure the trial court should transfer this case to the proper district court in the interest of justice. These articles read:
Article 121: “Action brought in improper venue; transfer
“When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.”
Article 932: “Effect of sustaining de-clinatory exception,
*336 “When the grounds of the objections pleaded in the declinatory exception may he removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
“If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.”
We find the following note in the “Official Revision Comments” under Article 932:
“No dismissal of the action would necessarily result from a sustaining of the declinatory exception under this article if the objection were either to the venue or to the jurisdiction of the court, and if the interests of justice required its transfer to the proper court. It is contemplated that dismissal would result only in those cases where such a transfer would not be possible or would not be conducive to the administration of justice. Such a dismissal would not preclude the filing of an action in the proper court.
“A transfer clause similar to that of the above article, but restricted to cases involving improper venue, is provided by Art. 121, supra.”
Counsel for plaintiff argues that the redactors of the Code of Civil Procedure indicate in the footnote to Article 932 that the mechanics of such a transfer are provided by LSA-R.S. 13:3271 through 13 :- 3274, and that a reading of this statute clearly discloses that a motion or other proceeding in the trial court is necessary to bring about a change of venue. The above statutes only apply to a change of venue "upon cause shown, as provided in RS. 13:3272 through 3279 and may remove the action from one parish to another parish in the district wherein they are pending, or to a parish in an adjoining district (Emphasis supplied.)
The quoted portion without contradiction applies to transfer of cases from one parish in a district to another parish in the same district wherein they are pending or to a parish in an adjoining district. Also such a transfer is limited to vacation and to (Art. 3273) cases of “undue influence of the adverse party, from prejudice existing in the public mind, or for some other cause specially set forth, he can not expect to obtain a fair and impartial trial in the parish where the cause is pending.” These articles clearly do not apply herein.
A mere reading of the articles governing a transfer, supra, reveal that no motion is required as a condition precedent. The judge may transfer the action to a proper court in the interest of justice. The revision comment, Article 932, supra, clearly sets forth a guide to be followed by the court before dismissing an action filed in an improper jurisdiction or venue rather than transferring it to the proper venue. A dismissal is only justified in cases where “such a transfer would not be possible or would not be conducive to the administration of justice.”
We can understand why the judge below rendered judgment dismissing the suit of plaintiffs as they used no means available by law by which the court could positively and definitely fix the proper venue in order that the actions against Ashland Oil & Refining Company and Temple Hargrove might be transferred thereto in accordance with LSA-C.C.P. Articles 121 and 932. However, there is in the record a certificate of Hon. Wade O. Martin, Jr., Secretary of State of Louisiana, dated April 3, 1962 certifying that Ashland Oil & Refining Company is a Kentucky Corporation domiciled at Ashland and had filed charter and qualified to do business in the State of Louisiana June 12, 1943, having its princi *337 pal business establishment in “this State” at “640 Rico-Brewster Building, Shreveport, Louisiana.”
The petition of appellants alleged that Temple Hargrove was a “resident of the Parish of St. Tammany, State of Louisiana” and also in the record is a release dated June 16th, 1961 signed by Temple Hargrove and a notarial acknowledgement by him on the 21st day of June, 1961 in the Parish of Orleans.
While it is not officially in the record counsel for appellants in his brief states that Temple Hargrove “had until shortly before this suit was filed, maintained an office in Slidell, Parish of St. Tammany, State of Louisiana, and has conducted and still conducts business in the Parish of Ascension, relative to oil, gas and mineral leases, and declinatory exceptions were filed by him through his own regularly employed attorney.”
Counsel for Temple Hargrove in brief concedes that the record discloses that venue as to him may be in St. Tammany Parish and in Caddo Parish as to Ashland Oil & Refining Company. Counsel, however, submits that there is no reason for the court to assume the burden of selecting a court of proper venue, particularly in view of the fact appellants have gone outside the record and made statements which indicate they now believe the domicile of Hargrove may not be in St. Tammany Parish.
It is a judicial function to determine the venue from the record and the burden to supply such proof is upon the appellants. If the venue of the parties is in Louisiana “the objections pleaded in the declinatory exception may be removed by * * * or other action of plaintiff * * * ” in which event dismissal would not be proper or justified under Articles 932 or 121 as such a transfer would “be possible” and would “be conducive to the administration of justice.”
Under our right to remand it is ordered that this case be remanded to the District Court and plaintiffs within thirty (30) days of the finality of this decree take such action in the Twenty-third Judicial District Court to definitely establish the proper venue in Louisiana for the transfer of this suit against Ashland Oil and Refining Company and Temple Har-grove by the Honorable Judge of the Twenty-third Judicial District Court.
Upon plaintiff’s failure to comply with the above order of remand their suit shall be dismissed.